Janetta SOWDERS, Individually and as Community Survivor of the Estate of Marshall Jefferson Sowders, Deceased, et al., Appellants,

v.

The M.W. KELLOGG COMPANY and/or the M.W. Kellogg Company, a Division of Pullman, Inc., Appellee.

No. 01–83–0113–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 22, 1983.

Rehearing Denied Jan. 12, 1984.

■■■■■■■■■■■■■■■

Mike Gallagher, Wayne Fisher, Houston, for appellants.

Judson R. Wood, Paul E. Stallings, Brian Jensen, Cliff Harrison, Kenneth Tekell, Houston, for appellee.

Before JACK SMITH, DUGGAN and BULLOCK, JJ.

## OPINION

DUGGAN, Justice.

This is an appeal from a summary judgment in favor of the defendants in a personal injury suit arising from an explosion at an ARCO refinery in Pasadena. The plaintiffs, together with an intervening insurance carrier asserting its subrogation rights, charged the defendant with negligence and strict liability in tort in the design and construction of a lubricating oil solvent treating plant at the refinery.

The sole contention asserted in the defendant's motion for summary judgment was that the actions were barred by time limitation because more than ten years had elapsed between the substantial completion of the project in 1942 and the date of the accident, July 24, 1973. Tex.Rev.Civ.Stat. Ann. art. 5536a (Vernon Supp.1983).

The plaintiffs challenge, in their first point of error, the constitutionality of article 5536a and, in their second point of error, the statute's application to a product manufacturer.

Article 5536a, enacted in 1969 and amended in 1975, prohibits recovery of damages from architects, engineers, and "any person" performing or furnishing the design, planning, or inspection of construction or repair of any improvement to real property for injury, death, or property loss arising out of the defective or unsafe condition of the improvement unless the claim is filed within ten years after substantial completion of the improvement.

Plaintiffs claim, first, that the statute violates Tex. Const. art. 3, § 35, which provides:

No bill ... shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed.

The Supreme Court stated in *Harris County Fresh Water Supply Dist. No. 55 v. Carr,* 372 S.W.2d 523 (Tex.1963), that the title requirement in legislative bills is to give fair notice during the legislative process so as to reasonably forewarn of the subject of the statute.

The title requirement was designed to assure readers of the title during the legislative process that they would not be required to study the body of the Act to avoid being misled or deceived.

*Id.* at 525.

Plaintiffs insist the caption given article 5536a is deceptive because the act contains more than one subject which is not fairly expressed in the title. The caption in question reads as follows:

An act creating a time limitation within which certain actions must be brought against any person performing or furnishing construction or repair of an improvement to real property; amending Chapter 418, Acts of the 61st Legislature, Regular Session, 1969 (Article 5536a, Vernon's Texas Civil Statutes); and declaring an emergency.

Act of May 20, 1975, ch. 269, 1975 Tex.Gen. Laws 649.

This caption, according to plaintiffs, fails to indicate that substantive rights against designated individuals are abolished after ten years, regardless of when such rights came into being. Stated another way, the subject of barring "unaccrued rights" is not clearly expressed in the title. Plaintiffs secondly complain that the title "purports to operate equally on any person furnishing construction without acknowledging the existence of the various excepted classifica-

tions." As a third objection, plaintiffs view as "fraudulent" the placement of the act under the limitations title of the Texas statutes.

■■■ This third contention is without merit. The recognized purpose of a statute of limitations is to compel the settlement of claims within a reasonable time after their origin. *Robinson v. Weaver,* 550 S.W.2d 18 (Tex.1977); *Price v. Estate of Anderson,* 522 S.W.2d 690 (Tex.1975). Such statutes are generally remedial only and do not affect substantive rights. *See Alvarado v. Gonzales,* 552 S.W.2d 539, 542 (Tex.Civ.App. —Corpus Christi 1977, no writ).

Article 5536a is distinguishable from the usual statute of limitation, which operates merely to bar enforcement of a right; this statute takes away the right altogether after the specified ten-year period. The time period begins to run when the improvements are completed or the operations commence, rather than when the cause of action accrues. An owner or third person, injured or killed by defects or unsafe conditions of improvements to real property, will have no claim against the individuals protected by the statute after the limitation period has run. The right of action is cut off entirely before it arises and can be asserted.

Article 5536a, commonly called an "architects' and builders' statute," is a statute of repose. Such statutes demonstrate legislative recognition of the protracted and extensive vulnerability to lawsuit of architects and builders by owners and other persons. They represent a response to the inadequacy of the traditional statutes of limitation, whose time periods begin upon discovery of the claim or upon occurrence of the injury. *See* 51 Am.Jur.2d *Limitation of Actions* § 15 (1970); Annot., 93 A.L.R.3d 1242 (1979); Thompson, *When the walls come tumbling down—article 5536(a): the Texas architect and engineer statute of limitation,* Tex. Trial Lawyers Forum, Oct.-Dec. 1983, at 28.

■■■ We see no constitutional infirmity on account of the caption given article 5536a. A statute does not fail to comply with the requirement that no bill shall contain more than one subject, which shall be expressed in its title, when its provisions relate directly or indirectly to the same general subject, have a mutual connection, and are not foreign to the subject expressed in the title. *Robinson v. Hill,* 507 S.W.2d 521, 524–25 (Tex.1974). The caption of an act should be liberally construed so as to uphold its validity if at all possible; if the caption states the main subject of an act, it will also be construed to cover any subsidiary matters reasonably connected, germane, incidental, or relevant to the main subject. *Lee v. State,* 163 Tex. 89, 352 S.W.2d 724, 725 (1962).

The title clearly manifests an intention to raise a statutory time barrier, which is precisely what the statute accomplishes. The title does not suggest by the use of the phrase, "statute of limitation," or by any other words, that the limitation period runs from the accrual of a cause of action. In fact, the title does not state either when the period begins or the length of the period. Neither does it specify the designated individuals granted immunity from liability, nor does it set out exactly what changes were made in the amended act.

On the other hand, it does state that the act creates a "time limitation," which directly relates to the no-action provision in the statute. *Compare Ex parte Wilson,* 374 S.W.2d 229 (Tex.Cr.App.1964) (wherein the caption phrase, "an act to prohibit," followed by the main subject, was sufficient to embrace the provision in the body of the statute penalizing persons violating the statute). It does refer to "any person performing or furnishing construction or repair of an improvement to real property," which directly relates to the architects, engineers, and other persons designated in the statute.

■■■ To summarize, the caption does put the reader on notice of the subject in the body of the statute. A bill's caption need not set out the full details of the bill itself. *Yeary v. Bond,* 384 S.W.2d 376, 379 (Tex.Civ.App.—Amarillo 1964, writ ref'd n.r.e.). It is also not necessary that the

648

caption of an amendatory act set out exactly what changes were made in the amended act. *Smith v. Davis,* 426 S.W.2d 827, 833 (Tex.1968); *State ex rel. Grimes County Taxpayers Ass'n v. Texas Municipal Power Agency,* 565 S.W.2d 258, 272 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ).

In support of their contention that the caption of the subject bill is constitutionally defective, the plaintiffs rely upon *Bagby Elevator and Electric Co., Inc. v. McBride,* 291 So.2d 306 (Ala.1974). We find the reasoning employed by the dissenting justices in that decision and the holdings in *Howell v. Burk,* 90 N.M. 688, 568 P.2d 214 (1977), and *McMacken v. State,* 320 N.W.2d 131 (S.D.1982), aff'd 325 N.W.2d 60 (S.D.1982), cited in the defendant's brief, more persuasive.

■ Plaintiffs' subpoint B contends that article 5536a violates the right of access to the court guaranteed by Article 1, § 13, of the Texas Constitution and the Due Process guarantees of the Texas and United States Constitutions. This court upheld the statute's constitutionality in the face of identical attacks in *Ellerbe v. Otis Elevator Co.,* 618 S.W.2d 870 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.), *appeal dism'd* —— U.S. ——, 103 S.Ct. 24, 74 L.Ed.2d 39 *reh. denied* —— U.S. ——, 103 S.Ct. 478, 74 L.Ed.2d 625 (1982). The Texas Supreme Court found no reversible error in that decision, and the United States Supreme Court dismissed its appeal for want of a substantial federal question.

In that opinion, we held the enactment of the statute denied the plaintiff neither due process of law nor judicial remedy for his claim based on negligence because he had no vested right to his cause of action. We stated that

a right, to be within the protection of the Constitution, must be a vested right or something more than a mere expectancy based upon an anticipated continuance of an existing law. *City of Dallas v. Trammel,* 129 Tex. 150, 101 S.W.2d 1009 (1937). Neither the Constitution of the United States nor of this State forbids the abolition of common law rights of action in

order to attain a permissible legislative object. *Silver v. Silver,* 280 U.S. 117, 50 S.Ct. 57, 74 L.Ed. 221 (1929); *Aetna Insurance Company v. Richardelle,* 528 S.W.2d 280 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.).

*Id.* at 873.

■ Plaintiffs argue that the last sentence of Section 2 of the amended act, which was not discussed in *Ellerbe,* prohibits construction of the act so as to prevent rights from accruing. That sentence states:

Nothing in this section shall be construed as extending or affecting the period prescribed for the bringing of an action under Articles 5526, 5527, and 5529, Revised Civil Statutes of Texas, 1925, *or any other law of this state.*

(Emphasis added.) Plaintiffs insist that this language preserves other statutory and common law rights as they existed at the time of the passage of the act, regardless of legislative intent. Thus, according to plaintiffs, "the legislation does not prevent the rights from accruing or arising ..., but merely denies any means of enforcement."

Such an interpretation of the sentence contradicts its plain meaning. The sentence does not say that the provisions of article 5536a have no effect upon all other pre-existing law. It merely states that other prescribed limitation periods will not be extended or affected by the act. *See, e.g., Klafehn v. Fain,* 643 S.W.2d 227, 228 (Tex. App.—Fort Worth 1982, writ ref'd n.r.e.).

■ By subpoint C, plaintiffs allege the statute violates the Equal Protection clauses of both state and federal constitutions because its "attempted irrevocable grant of special immunity to certain persons within the ill-defined class is arbitrary and unreasonable."

We reaffirm our holding in *Ellerbe* that the classification adopted in article 5536a bears a rational relationship to a legitimate state interest, that being to relieve architects, engineers, and contractors from the burden of indefinite potential liability for past construction projects over which they no longer have control. It is a legislative

prerogative to create, for public policy reasons, time periods affecting the imposition of liability. Point of error one is overruled.

■ Appellant's second point of error asserts that the trial court erred in granting the summary judgment because article 5536a was never intended to apply to manufacturers of goods such as those made the basis of this suit. This allegation is unsupported by evidence. Defendant's motion for summary judgment has attached to it an affidavit by James R. Lambrix, executive vice-president of the defendant company, in which he swore, *inter alia,* that the Kellogg Company entered into a contract with Sinclair Refining Company, ARCO's predecessor, on June 4, 1941,

> to construct and install on Sinclair's refinery premises at Houston, Texas, a lubricating oil solvent treating plant consisting of a Propane Unit and a Phenol Unit, including the preparation of designs, plans, and specifications.

The affiant further stated under oath that

> the aforementioned engineering services were performed by or under the responsible charge of engineers authorized to practice professional engineering in New York State,

and that he is informed and believes that the Propane Unit described is the equipment involved in the explosion and referred to in the instant lawsuit.

Plaintiffs argued at summary judgment hearing, and now on appeal, that "reasonable minds could differ as to the proper identity of the refining system in question," yet they offered no proof that the defendant manufactured any of the equipment installed during the plant's construction during the early 1940's. Point of error two is overruled.

The judgment is affirmed.