### TEXAS GAS EXPLORATION CORPORATION, Appellant,

v.

### FLUOR CORPORATION, Appellee.

No. 6–90–043–CV.

Court of Appeals of Texas, Texarkana.

July 9, 1991.

Rehearing Denied July 30, 1991.

Peter A.T. Sartin, Thompson, Coe, Cousins & Irons, Dallas, for appellant.

Peter E. Ferraro, Ford, Ferraro, Fritz & Byrne, Austin, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

BLEIL, Justice.

Texas Gas Exploration Corporation appeals from the trial court's granting of a summary judgment against it. The primary issue is whether Texas Gas' claims

against Fluor were barred as a matter of law by the ten-year statute of limitations imposed by TEX.CIV.PRAC. & REM.CODE ANN. §§ 16.008 and 16.009 (Vernon 1986).[1]

Texas Gas asserts that retroactive application of these provisions violates its constitutional rights under Article I, §§ 13, 16 and 19 of the Texas Constitution, as well as the equal protection clause of the fourteenth amendment of the United States Constitution. Texas Gas also contends that Sections 16.008 and 16.009 were not intended to be applied retroactively. Additionally, Texas Gas maintains that the trial court should have found that Fluor was equitably estopped from relying on Sections 16.008 and 16.009 because fact issues exist which, if found by a jury, bring its claims within the fraudulent concealment exception of TEX.CIV.PRAC. & REM.CODE ANN. § 16.009(e)(3). In addition, Texas Gas maintains that the trial court improperly granted Fluor's motion for summary judgment because it interprets the original contract between the parties as providing that

Fluor agreed to purchase an insurance policy for Texas Gas' protection. Texas Gas also argues that fact issues exist as to whether certain of its claims under the Deceptive Trade Practices Act, DTPA, relate to conduct occurring and rights existing after the effective date of the DTPA. We resolve these issues in favor of Fluor.

### Essential Facts

Fluor's predecessor entered into a contract in 1960 to design and construct an expansion on Texas Gas' predecessor's existing gas processing plant. The design and construction were both performed under the supervision of a Texas-registered professional engineer. The construction was substantially completed within the allowed 330 days provided by the contract, and the plant expansion was delivered to Texas Gas during 1961, with start-up, testing, and initial operation up to production levels guaranteed by Fluor. The start-up, testing and initial operation in a unit de-

---

1. TEX.CIV.PRAC. & REM.CODE ANN. §§ 16.008 and 16.009 (Vernon 1986) provide the following:

**§ 16.008. Architects and Engineers Furnishing Design, Planning, or Inspection of Construction of Improvements**

(a) A person must bring suit for damages for a claim listed in Subsection (b) against a registered or licensed architect or engineer in this state, who designs, plans, or inspects the construction of an improvement to real property or equipment attached to real property, not later than 10 years after the substantial completion of the improvement or the beginning of operation of the equipment in an action arising out of a defective or unsafe condition of the real property, the improvement, or the equipment.

(b) This section applies to suit for:
(1) injury, damage, or loss to real or personal property;
(2) personal injury;
(3) wrongful death;
(4) contribution; or
(5) indemnity.

(c) If the claimant presents a written claim for damages, contribution, or indemnity to the architect or engineer within the 10-year limitations period, the period is extended for two years from the day the claim is presented.

**§ 16.009. Persons Furnishing Construction or Repair of Improvements**

(a) A claimant must bring suit for damages for a claim listed in Subsection (b) against a person who constructs or repairs an improvement to real property not later than 10 years

after the substantial completion of the improvement in an action arising out of a defective or unsafe condition of the real property or a deficiency in the construction or repair of the improvement.

(b) This section applies to suit for:
(1) injury, damage, or loss to real or personal property;
(2) personal injury;
(3) wrongful death;
(4) contribution; or
(5) indemnity.

(c) If the claimant presents a written claim for damages, contribution, or indemnity to the person performing or furnishing the construction or repair work during the 10-year limitations period, the period is extended for two years from the date the claim is presented.

(d) If the damage, injury, or death occurs during the 10th year of the limitations period, the claimant may bring suit not later than two years after the day the cause of action accrues.

(e) This section does not bar an action:
(1) on a written warranty, guaranty, or other contract that expressly provides for a longer effective period;
(2) against a person in actual possession or control of the real property at the time that the damage, injury, or death occurs; or
(3) based on wilful misconduct or fraudulent concealment in connection with the performance of the construction or repair.

(f) This section does not extend or affect a period prescribed for bringing an action under any other law of this state.

signed and installed by Fluor resulted in a metal stress fatigue crack in a pipe joint. The crack was not discovered by Texas Gas. Apparently, the crack progressed through the wall as the pipe repeatedly vibrated over time, and the pipe ruptured on September 30, 1984, causing an explosion at the plant. Texas Gas and Fluor agree that the crack which caused the rupture initially occurred in 1961 and that the crack was not discovered or readily discoverable by Texas Gas until the time that the pipe ruptured in 1984. Subsequent to the explosion, Texas Gas filed suit. Fluor moved for summary judgment alleging that the ten-year statute of limitations established by Sections 16.008 and 16.009 of the Texas Civil Practices and Remedies Code barred the suit as a matter of law.

■ In a motion for summary judgment, the moving party has the burden of establishing that there is no genuine issue of material fact concerning its claim, and that it is entitled to judgment as a matter of law. *Town North Nat'l Bank v. Broaddus,* 569 S.W.2d 489, 494 (Tex.1978). A motion for summary judgment may be granted on pleadings, admissions, affidavits, or stipulations of a party which show that the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or in an answer or in any other response. TEX. R.CIV.P. 166a(c). However, proof in support of a summary judgment must be independent of the pleadings. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979).

### Purpose and Effect of Sections 16.008 and 16.009

Section 16.008 is a statute of repose that insulates architects and engineers from liability for certain actions brought more than ten years after the substantial completion of an improvement. *Johnson v. City of Fort Worth,* 774 S.W.2d 653, 654 (Tex. 1989). While Section 16.008 protects architects and engineers who furnish designs or plans for construction projects, Section 16.-

009 protects those persons who furnish construction or repair to improvements to real estate. Both sections are similar in terms and in effect. *Barnes v. J.W. Bateson Co.,* 755 S.W.2d 518, 520 n. 1 (Tex. App.–Fort Worth 1988, no writ); TEX.CIV. PRAC. & REM.CODE ANN. §§ 16.008, 16.009. The difference between these two statutes is that Section 16.009, unlike 16.008, also provides a two-year grace period if a claimant is injured during the tenth year of the limitations period. *Barnes v. J.W. Bateson Co.,* 755 S.W.2d at 520 n. 1. In addition, Section 16.009 specifically excepts suits based on written warranty, willful misconduct, fraudulent concealment or those suits brought against persons in control or possession of the premises. *Barnes v. J.W. Bateson Co.,* 755 S.W.2d at 520 n. 1; *Sowders v. M.W. Kellogg Co.,* 663 S.W.2d 644, 647 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.).

### Constitutional Arguments

■ Texas Gas contends that a fact issue existed as to whether retroactive application of the statutes of repose would violate its rights under Article I, §§ 13, 16 and 19 of the Texas Constitution, as well as the equal protection clause of the United States Constitution. The constitutionality of these statutes has been challenged before. *See Sowders v. M.W. Kellogg Co.,* 663 S.W.2d at 648; *Ellerbe v. Otis Elevator Co.,* 618 S.W.2d 870 (Tex.Civ.App.— Houston [1st Dist.] 1981, writ ref'd n.r.e.), *appeal dism'd,* 459 U.S. 802, 103 S.Ct. 24, 74 L.Ed.2d 39 (1982). The retroactive application of Sections 16.008 and 16.009 does not violate the right of access to court or the constitutional prohibition against ex post facto laws. *See, e.g., Sowders v. M.W. Kellogg Co.,* 663 S.W.2d at 648; *Ellerbe v. Otis Elevator Co.,* 618 S.W.2d at 870. Neither does it violate the due process clause of the Texas Constitution or the equal protection clause of the fourteenth amendment of the United States Constitution. *Ellerbe v. Otis Elevator Co.,* 618 S.W.2d at 872.[2]

---

2. In *Ellerbe v. Otis Elevator Co.,* 618 S.W.2d 870 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ

ref'd n.r.e.), *appeal dism'd,* 459 U.S. 802, 103 S.Ct. 24, 74 L.Ed.2d 39 (1982), the court found

A party has no vested right to a cause of action; neither the Constitution of the United States nor of this state forbids the abolition of common-law rights to attain a permissible legislative objective. *Ellerbe v. Otis Elevator Co.*, 618 S.W.2d at 873; *see also Deacon v. City of Euless*, 405 S.W.2d 59, 62 (Tex.1966). There is no constitutional infirmity concerning these statutes.

### Arguments Based on Legislative Intent

■ Texas Gas contends that the trial court improperly granted Fluor's motion for summary judgment because TEX.CIV. PRAC. & REM.CODE ANN. §§ 16.008 and 16.-009 were not intended to be applied retroactively. The plant expansion contract was entered into and the pipe joint was installed and cracked some eight or more years before the statutes upon which Fluor based its motion were enacted. Texas Gas contends, therefore, that the statutes are inapplicable and that the trial court improperly allowed Fluor to rely on their ten-year statute of limitations as a basis for summary judgment. It maintains that a statute will be assumed to operate prospectively only unless its terms clearly show a legislative intent that it is to be retroactive in application and that any doubt is to be resolved against retroactive application. *See, e.g., Ex parte Abell*, 613 S.W.2d 255, 258 (Tex. 1981).

Although generally statutes of limitations are statutes that set periods of time within which actions must be brought after they "accrue," and therefore are not retroactive, statutes of repose differ from other statutes of limitations in the sense that the term "statute of repose" refers to a distinct type of statute that cuts off a right of action before it accrues. *Johnson v. City of Fort Worth*, 774 S.W.2d at 654, n. 1. As such, Sections 16.008 and 16.009 of the Texas Civil Practice and Remedies Code are distinguishable from the usual statutes of limitations, which operate merely to bar enforcement of a right; these statutes take away the right altogether after the specified ten-year period. *Sowders v. M.W. Kellogg Co.*, 663 S.W.2d at 647. The time period begins to run when the improvements are completed or the operations commence, rather than when the cause of action accrues. *Sowders v. M.W. Kellogg Co.*, 663 S.W.2d at 647. These statutes represent a response by the legislature to the inadequacy of traditional statutes of limitations and are specifically designed to protect architects and builders from protracted and extended vulnerability to lawsuits. *See Sowders v. M.W. Kellogg Co.*, 663 S.W.2d at 647. Sections 16.008 and 16.009 were intended to be applied retroactively.

### Fraudulent Concealment and Equitable Estoppel

■ Texas Gas argues that Fluor should be equitably estopped from relying on Sections 16.008 and 16.009 because fact issues exist which, if found by a jury, bring its claims within the fraudulent concealment exception of Section 16.009. *See* TEX. CIV.PRAC. & REM.CODE ANN. § 16.009(e)(3). Fraudulent concealment is an affirmative defense to the defense of limitations in which the plaintiff has the burden of coming forward with proof to support its allegation. *Weaver v. Witt*, 561 S.W.2d 792, 793 (Tex.1977); *Rascoe v. Anabtawi*, 730 S.W.2d 460, 462 (Tex.App.—Beaumont 1987, no writ). Where, as here, the defense of the statute of limitations is established by the record as a matter of law, and Texas Gas is relying on fraudulent concealment to avoid that defense, it was their burden to come forward with proof raising an issue of fact with respect to their allegations. *See Nichols v. Smith*, 507 S.W.2d 518, 521 (Tex.1974). In the absence of any summary judgment evidence which raises such a factual issue, Texas Gas' allegations do not defeat Fluor's right to summary judgment. *See Nichols v. Smith*, 507 S.W.2d at 521. For the doctrine of fraudu-

that the statutes did not violate the equal protection clause of the fourteenth amendment since the classification of persons which were afforded protection by it bears a rational relationship to a legitimate state interest. That interest being to relieve architects, engineers, and contractors from the burden of indefinite potential liability for past construction projects over which they no longer have control.

lent concealment to apply, the party alleging concealment must show that the party charged with concealment had *actual* knowledge of the facts he is alleged to have concealed. *Dotson v. Alamo Funeral Home*, 577 S.W.2d 308, 311 (Tex.Civ. App.—San Antonio 1979, no writ). One cannot fraudulently conceal facts of which one has no actual knowledge. *Nichols v. Smith*, 489 S.W.2d 719, 723 (Tex.Civ. App.—Fort Worth 1973), *aff'd*, 507 S.W.2d 518 (Tex.1974). Furthermore, there must not only be proof of knowledge of the allegedly concealed fact but also a showing of a fixed purpose to conceal the wrong. *Carrell v. Denton*, 138 Tex. 145, 157 S.W.2d 878, 879 (1942).

Texas Gas offered no summary judgment proof that Fluor actually knew that the pipe joint in issue had cracked or was defective. In support of its argument, it offered pleadings, the contract between the parties, and the affidavits of Ernest Ludwig, a licensed professional engineer, and Lawrence Ray Martin, the chief engineer of Texas Gas. Pleadings are not summary judgment evidence. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979); TEX.R.CIV.P. 166a(f). In both of the affidavits, it is asserted that Fluor should have known of the defect; this is not sufficient to show actual knowledge. Therefore, there is no proof of knowledge and concealment of facts actually known.

Texas Gas further contends that the trial court improperly determined that its claims based on Fluor's breach of an agreement to provide indemnity and to obtain insurance coverages, as well as its claims under the DTPA, were barred as a matter of law. In making this determination, the court found that these claims were based on an interpretation of the contract, executed in 1960, of which it is not susceptible as a matter of law. Texas Gas maintains that a fact question exists as to: whether Sections 6.1 and 7.1 of the contract obligated Fluor to maintain insurance on its behalf; whether Sections 5.2 and 5.4 of the contract constitute a guarantee by Fluor that its work would be free from defects, and that it would repair any defects reported within twelve months of their discovery by Texas Gas; and whether Fluor's failure to provide insurance is actionable under the DTPA. Whether a contract is ambiguous is a question of law for the court to decide by looking at the contract as a whole in light of the circumstances at the time it was entered into. *Reilly v. Rangers Mgt., Inc.*, 727 S.W.2d 527, 529 (Tex.1987). If a written instrument is so worded that it can be given a certain or definite legal meaning or interpretation, then it is not ambiguous and the court will construe the contract as a matter of law. *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex.1983). The trial court determined that all of Texas Gas' insurance and DTPA claims required an interpretation of the contract of which it is not susceptible. The contract supports the trial court's interpretation.

The judgment of the trial court is affirmed.