**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 4, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

)))))))))))))))))))))))))))))

No. 05-11329

)))))))))))))))))))))))))))))

GINA VAUGHN, Individually and as Next Friend to Joshua Vaughn,
Brenden Vaughn and Amber Vaughn, Minors; NICHOLAS VAUGHN,

Plaintiffs-Appellants,

v.

FEDDERS CORPORATION; FEDDERS NORTH AMERICA INC.,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Northern District of Texas
No. 4:04-CV-313-Y

---

Before DAVIS, DENNIS, and PRADO, Circuit Judges.

Per Curiam:[*]

Plaintiffs-Appellants Gina Vaughn ("Vaughn") and Nicholas Vaughn (collectively, "the Vaughns") appeal from the district court's August 31, 2005 order granting summary judgment to Defendants-Appellees Fedders Corporation and Fedders North America, Inc. (collectively, "Fedders"). For the reasons that

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

1

follow, we REVERSE the judgment of the district court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Vaughn and her husband, Gary Vaughn, purchased a home in Wautauga, Texas, in July 2002. The home contained a gas-fired furnace that was manufactured by Defendant Fedders Corporation in 1979 and sold in 1979 or 1980. In January 2003, Vaughn, her husband, and her daughter were exposed to carbon monoxide fumes, which resulted in injuries to Vaughn and her daughter and in the death of her husband. Vaughn claims that the source of the carbon monoxide fumes was the allegedly faulty furnace manufactured by Fedders. Several days after the injuries and death occurred, Vaughn filed a claim with her homeowners' insurer, Fire Insurance Exchange ("FIE"), which denied her claim on the basis that her loss was not covered by the policy.

On June 2, 2003, the Texas legislature passed a bill that modified Texas Civil Practices & Remedies Code § 16.012.[1] Section 16.012 is a statute of repose. It requires that a products-liability action be brought against a manufacturer or seller of a product within fifteen years of the date of the sale of the product by the defendant. While this requirement formerly applied only to suits against manufacturers and sellers of manufacturing equipment, the 2003 modifications extended the fifteen-year bar to suits against all manufacturers or sellers of any product. On

---

[1] Act of June 2, 2003, 78th Leg., R.S., Ch. 204 § 5.01, 2003 Tex. Gen. Laws 847, 859-60.

2

June 11, 2003, the governor of Texas signed the bill into law, and it went into effect ninety days after the adjournment of the legislature, or September 1, 2003. See TEX. CONST. art. III, § 39. The modified § 16.012 applies to actions filed on or after July 1, 2003. See § 16.012, 2003 note.

On April 28, 2004, the Vaughns commenced a personal injury action against Fedders. In its answer, Fedders argued as an affirmative defense that § 16.012 barred the Vaughns' claim because their suit was filed more than fifteen years after the date of sale of the furnace by Fedders. The Vaughns filed a motion for partial summary judgment on Fedders' affirmative defense. They contended that the application of § 16.012 to their claim violated Article I, § 16, of the Texas Constitution, which provides that no "retroactive law" shall be made.[2] The Vaughns also argued that the application of § 16.012 to their claim violated the Due Process Clause of the United States Constitution. Fedders then moved for summary judgment on the basis of § 16.012.[3]

The district court granted Fedders' summary judgment motion

---

[2] Article I, § 16, states: "No bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts, shall be made."

[3] Fedders also filed a third-party action against FIE for spoliation of evidence, on the basis that FIE had Vaughn's furnace destroyed after it was inspected. The district court dismissed this action in its August 31, 2005 order, and Fedders has not appealed.

in its August 31, 2005 order, concluding that § 16.012 barred the Vaughns' claim and rejecting the Vaughns' argument that this application of § 16.012 was unconstitutional. The district court explained that accrued causes of action were not vested rights and that, while "a reasonable time must be afforded within which existing causes of action may be commenced," "Vaughn had over five months to file her claims before the statute of repose went into effect," which constituted a reasonable period of time. The district court also concluded that § 16.012 did not violate the Due Process Clause of the United States Constitution because the rights protected by that clause are defined by state law, and an accrued cause of action was not a protected right under Texas law. The Vaughns filed this timely appeal.

## II. APPELLATE JURISDICTION AND STANDARD OF REVIEW

Under 28 U.S.C. § 1291, this court has jurisdiction over the Vaughns' appeal from the district court's August 31, 2005 final order and judgment, which disposed of all the parties' claims.

We review a district court's grant of summary judgment de novo. Dallas County Hosp. Dist. v. Assocs. Health & Welfare Plan, 293 F.3d 282, 285 (5th Cir. 2002). Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A dispute about a

4

material fact is genuine if the evidence is such that a reasonable fact-finder could return a verdict for the non-moving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). When deciding whether there is a genuine issue of material fact, this court must view all evidence in the light most favorable to the non-moving party. <u>Daniels v. City of Arlington</u>, 246 F.3d 500, 502 (5th Cir. 2001).

## III. DISCUSSION

### A. As applied to the Vaughns, § 16.012 violates Article I, § 16, of the Texas Constitution

#### 1. <u>A plaintiff with an accrued claim must be afforded a reasonable time in which to file her claim</u>

There is a long line of Texas cases addressing the constitutional limits on retroactive laws, mainly new statutes of limitations. In essence, these cases declare that a newly enacted statute of limitations may not bar all remedies for an existing cause of action and must allow a reasonable period for its prosecution. One of the earliest cases to announce this principle is <u>DeCordova v. City of Galveston</u>, 4 Tex. 470 (1849). In interpreting Article I, § 16, of the Texas Constitution, <u>DeCordova</u> stated:

> Laws are deemed retrospective and within the constitutional prohibition which by retrospective operation destroy or impair vested rights or rights to "do certain actions or possess certain things, according to the laws of the land," (3 Dall. 349,) but laws which affect the remedy merely are not within the scope of the inhibition unless the remedy be taken away altogether or incumbered with conditions that would render it useless or impracticable to pursue it. (<u>Bronson v. McKinzie</u>, 1 How.

5

R. 315.) Or, if the provisions regulating the remedy be so unreasonable as to amount to a denial of right, as, for instance, if a statute of limitations applied to existing causes barred all remedy or did not afford a reasonable period for their prosecution, or if an attempt were made by law, either by implication or expressly, to revive causes of action already barred, such legislation would be retrospective within the intent of the prohibition, and would therefore be wholly inoperative.

Id. at 479-80. Subsequently, Mellinger v. Mayor of Houston, 68 Tex. 37, 48 (1887), quoted the above passage and stated, "[w]e have no doubt that the law is thus correctly stated." In 1895, the Supreme Court of Texas declared:

The Legislature may provide a shorter period of limitation for existing causes of action. It may make a statute of limitation for causes when none existed before. But it can not, by so abbreviating the time in which suit must be brought, take away the right of action altogether. It must allow a reasonable time after the law goes into effect to bring suit upon actions which are not then barred.

Wright v. Hardie, 88 Tex. 653, 655 (1895).

This principle has been reaffirmed by more recent decisions of the Texas courts. Citing Wright, among other cases, the Corpus Christi Court of Civil Appeals stated that:

Generally, statutes of limitation go to matters of remedy and not to matters of fundamental rights unless the limitation period set is so manifestly unjust that it constitutes a denial of justice or it amounts to a practical denial of the right itself. The legislature may without violating constitutional guarantees enact statutes which limit the time within which actions to enforce demands may be brought even though there existed no previous period of limitation; provided that such statute allows a reasonable time within which to bring suit. The determination of what constitutes a reasonable time is reviewable by the courts.

Alvarado v. Gonzales, 552 S.W.2d 539, 542 (Tex. Civ. App.–Corpus

6

Christi 1977, no writ) (internal citations omitted).

In City of Tyler v. Likes, 962 S.W.2d 489, 502 (Tex. 1997), the Supreme Court of Texas declared:

> laws affecting a remedy are not unconstitutionally retroactive unless the remedy is entirely taken away. See De Cordova, 4 Tex. 470, 480. . . . The Legislature can affect a remedy by providing a shorter limitations period for an accrued cause of action without violating the retroactivity provision of the Constitution if it affords a reasonable time or fair opportunity to preserve a claimant's rights under the former law, or if the amendment does not bar all remedy.

Most recently, the Fort Worth Court of Appeals held that:

> The legislature can pass legislation affecting a remedy for an accrued cause of action without violating article I, section 16 if it affords a reasonable time or fair opportunity to preserve a claimant's rights under the former law. When the legislature shortens an existing statute of limitations or creates one where none had existed, it must provide a reasonable time for plaintiffs to bring suit after the enactment of the new law . . . .

In the Interest of K.N.P., 179 S.W.3d 717, 720 (Tex. App.–Fort Worth 2005, pet. denied) (citations omitted).

The majority of the above-cited decisions addressed the constitutionality of new or amended statutes of limitations. The exceptions are Wright, which involved the length of time available for application for a writ of error, and Likes, which involved the reclassification of the operation of storm sewers as a government function. None of these cases involves a statute of repose, but it is not apparent why the same principles should not apply to a statute of repose. Statutes of limitations and statutes of repose have similar purposes and similar effects.

7

Just like a statute of limitations, § 16.012 cuts off the right to sue after a certain length of time, only the time runs from the sale of the manufactured product, rather than from the time of injury.

Based on the above-cited decisions, therefore, we can conclude that when Texas passes a new statute of repose, it may not entirely deprive a party with an accrued cause of action of the right to sue, and must afford that party a reasonable time in which to bring suit. This circuit adopted this view in a recent case very similar to the present one, <u>Burlington Northern & Santa Fe Railway Co. v. Skinner Tank Co.</u>, 419 F.3d 355 (5th Cir. 2005), which also addresses the retroactive effect of § 16.012. Citing <u>Likes</u>, this court held that "[t]he Texas legislature can restrict the time for filing a claim without violating the retroactivity provision of the Texas constitution so long as 'it affords a reasonable time or fair opportunity to preserve a claimant's rights under the former law, or if the amendment does not bar all remedy.'" <u>Id.</u> at 359-60. The court then applied this "reasonable time" analysis to § 16.012's effect on the plaintiff's claim, and concluded that a reasonable time had been afforded.

<u>2.   The Vaughns were not afforded a reasonable time to file</u>

We agree with the Vaughns that, contrary to the mandate of <u>DeCordova</u>, <u>Wright</u>, <u>Likes</u>, et al., they were not allowed a reasonable time in which to file their accrued personal injury claim before § 16.012 took effect.

8

We measure the length of time that the Vaughns were afforded to file suit from the date at which the new statute became law, which is the date at which persons may be charged with constructive notice of its provisions. The date at which § 16.012 became law is ninety days after the adjournment of the Texas legislature, or September 1, 2003. See TEX. CONST. art. III, § 39.

There are numerous cases that support this proposition that the "reasonable time" runs from the date that the new statute becomes law, rather than from some earlier date. Popham v. Patterson, 51 S.W.2d 680, 683 (Tex. 1932), states that "[n]o Act of the Legislature is operative as notice until it becomes a law, but it is so operative as soon as it does become law." Popham further noted that the act in question became a law "ninety days after the adjournment of the legislature." Id. In Wright, the Texas Supreme Court stated that the Texas legislature "must allow a reasonable time *after the law goes into effect* to bring suit" and held that the "amended act . . . did not take effect until the expiration of ninety days from the day on which the Legislature adjourned." 88 Tex. at 655 (emphasis added).

The Dallas Court of Civil Appeals noted that "[s]ome states have adopted the rule that the reasonable time which the statute must allow dates from the passage of the act and not from the effective date;" however, the court concluded that "the sounder rule--that announced by Justice Gaines in Wright v. Hardie"--is "that the reasonable time allowed by the statute must run from

the effective date of the act." Highland Park Indep. Sch. Dist. v. Loring, 323 S.W.2d 469, 471 (Tex. Civ. App.–Dallas 1959, no writ). In Alvarado, the Corpus Christi Court of Civil Appeals used the effective date to measure the reasonable time, 552 S.W.2d at 540, 542, and recently, in In the Interest of K.N.P., the Fort Worth Court of Appeals also used the effective date. 179 S.W.3d at 721.

We acknowledge that there are cases that use a different measuring stick. In Likes, without addressing its precedent that used the effective date, the Texas Supreme Court measured whether a "reasonable time" had been allowed for the filing of an accrued claim from the date of the statute's enactment. 962 S.W.2d at 502. In Burlington Northern, however, this court measured the "reasonable time" under Texas law from "the September 1, 2003 effective date of the amendment to § 16.012." 419 F.3d at 360. We therefore follow that approach here.

Section 16.012 operates on claims filed on or after July 1, 2003, but did not become law until September 1, 2003. Thus we may charge the Vaughns with constructive notice of § 16.012 on September 1, 2003, but by that time their suit had already been barred.[4] It is therefore evident that § 16.012 allowed the Vaughns no time at all within which to file suit, and the

---

[4] In contrast, the plaintiff in Burlington Northern had "at least one month and 28 days following the September 1, 2003 effective date of the amendment to § 16.012" in which to file suit before the fifteen-year period permitted by § 16.012 expired, barring its claim. 419 F.3d at 360.

requirement stated in DeCordova, Wright, Likes, and Burlington

Northern that they be afforded a reasonable time within which to

file their accrued claim was clearly violated.[5]

3.    Fedders' arguments

Fedders points to a number of Texas cases in which the

constitutionality of statutes of repose has been upheld.

Specifically, Fedders cites Texas Gas Exploration Corp. v. Fluor

Corp., 828 S.W.2d 28 (Tex App.-Texarkana 1991, writ denied),

Sowders v. M.W. Kellogg Co., 663 S.W.2d 644 (Tex. App.–Houston

[1st Dist.] 1983, writ ref'd n.r.e.), and Ellerbe v. Otis

Elevator Co., 618 S.W.2d 870, 873 (Tex. App.–Houston [1st Dist.]

1981, writ ref'd n.r.e.).[6] These cases, however, are

distinguishable from the case at hand. First, in none of these

decisions did the Texas court analyze the effect of the statute

of repose under Article I, § 16's prohibition on retroactive

---

[5] We would reach the same result if we were to measure the time from the date of enactment instead of the effective date. Using the enactment date, the Vaughns would only have had 19 days in which to file their suit.  This is not a reasonable time.  See Alvarado, 552 S.W.2d at 542-43 (where retroactive application of the limitations statute allowed the appellant only 21 days in which to file suit, such application "would not give the appellant a fair opportunity to file suit").

[6] Ellerbe and Sowders addressed challenges to Texas Revised Civil Statutes article 5536a, a statute of repose barring suits against engineers or architects for damages arising out of the defective or unsafe condition of real property or any attached equipment or improvement ten years after its substantial completion. See 618 S.W.2d at 871; 663 S.W.2d at 646. Texas Gas addressed a challenge to Texas Civil Practice & Remedies Code §§ 16.008 and 16.009, the successors to Article 5536a. 828 S.W.2d at 30.

11

laws. Instead, these decisions examined whether the statutes of repose violated the open courts provision of the Texas Constitution.[7]  Second, in each of these cases the statute of repose had cut off the plaintiff's right to sue before the injury occurred, and therefore before the plaintiff's claim accrued. It follows that these cases have little relevance to our analysis of the Vaughns' claim.

Fedders also argues, relying on Ellerbe, Texas Gas, and several additional cases, that Article I, § 16, protects only vested rights and that the Vaughns do not have a vested right in their accrued claim. We conclude, however, that we are not required to wade into Texas's difficult vested rights jurisprudence to decide this appeal. Because the decisions setting forth the "reasonable time" requirement did not employ a

---

[7] This provision states, "[a]ll courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." TEX. CONST. art. I, § 13.

In Texas Gas, the plaintiff cited Article I, § 16, as well, see 828 S.W.2d at 31, but it does not appear that the plaintiff was relying on that section's prohibition on retroactive laws. If the plaintiff did make an argument based on that prohibition, the court did not address it. Rather, in rejecting the plaintiff's claim, the court stated that "[t]he retroactive application of Sections 16.008 and 16.009 does not violate the right of access to court of the constitution or the constitutional prohibition against ex post facto laws." Id. It is possible that the court simply confused Article I, § 16's prohibition on ex post facto laws with its prohibition on retroactive laws, but clearly the two are not the same.

12

vested rights analysis, we need not determine whether the Vaughns had a vested right in their accrued claim. Rather, we may simply rely on decisions, such as DeCordova, Wright, and Likes, which hold that where a claim has accrued, a reasonable time must be afforded for filing suit. For the same reason, we need not address the caselaw, also cited by Fedders, indicating that where a statute infringes on a vested right, the statute is not unconstitutionally retroactive if it is a valid exercise of the Texas legislature's police power.

Because we conclude that § 16.012 did not afford the Vaughns a reasonable time in which to file suit, in violation of Article I, § 16, of the Texas Constitution, we hold that the district court erred by granting Fedders' summary judgment motion.

**B.   The Vaughns' argument under the Due Process Clause**

Because we hold that the application of § 16.012 to the Vaughns' claim violated the Texas Constitution, we need not reach the question of whether this application also violated the United States Constitution.

## IV.   CONCLUSION

The judgment of the district court is REVERSED, and the case REMANDED for further proceedings not inconsistent with this opinion.

REVERSED and REMANDED.

13