Billy Glen **NELSON**, Appellant,

v.

**METALLIC–BRADEN BUILDING COMPANY, et al., Appellees.**

No. 01–85–0029–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 23, 1985.

Rehearing Denied Aug. 8, 1985.

Russell G. Burwell, Simpson & Burwell, Texas City, for appellant.

Craig Smyser, Vinson & Elkins, Houston, for appellees.

Before EVANS, C.J., and COHEN and DUNN, JJ.

### OPINION

EVANS, Chief Justice.

This is an appeal from a take-nothing judgment entered in favor of the defendants, based on the 10-year architects', engineers', and builders' statute of repose. Tex.Rev.Civ.Stat.Ann. art. 5536a (Vernon Supp.1985). We affirm.

The plaintiff brought this action to recover damages for personal injuries sustained in a fall through the skylight of a building constructed by the defendants' predecessor corporation. The trial court granted the defendants' motion for summary judgment on the basis of article 5536a, and the plaintiff, in a single point error, contends that article 5536a is unconstitutional.

The plaintiff's argument that article 5536a is unconstitutional is based on the Texas Supreme Court's recent application of the open courts provision of article I, section 13 of the Texas Constitution, which provides, in pertinent part:

All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have a remedy by due course of law.

In *Nelson v. Krusen*, 678 S.W.2d 918 (Tex.1984), the supreme court held that the two-year statute of limitations on actions arising from medical malpractice was unconstitutional as applied, because it cut off any cause of action before the party knew or should have known that he was injured. The supreme court applied the analysis it had established in *Sax v. Votteler*, 648 S.W.2d 661, 665–66 (Tex.1983), weighing the plaintiff's constitutional right to redress against the legislative purpose of the statute. The court held that a party contending that a statute was unconstitutional had the dual burden of showing (1) that he was denied an established common-law cause of action, and (2) that the legislative restriction was unreasonable or arbitrary. *Nelson*, 678 S.W.2d at 922.

In *Sax*, the Texas Supreme Court found that the restriction unconstitutionally abrogated the plaintiff's right to redress, because the litigant's right to bring a cause of action was denied by the statute of limitations *without providing a reasonable substitute*. The court stated:

In determining the extent of the restriction on a litigant's rights, a court must not examine the effect of the challenged statute in isolation. The legislature can avoid an otherwise unconstitutional result by providing a substitute remedy ... or by leaving a reasonable alternative at common law.

*Sax*, 648 S.W.2d at 667 (citations omitted).

Article 5536a requires that any cause of action arising out of the defective or un-

safe condition of any improvement to real property must be brought against the architect or engineer within 10 years from the substantial completion of that improvement. The statute also imposes a limitation period of 10 years after substantial completion on suits against persons constructing or repairing improvements to real property for deficiencies in that construction or repair. Finally, the statute expressly exempts from its provisions any action (1) based on a written warranty, guaranty, or contract expressly effective beyond its prescribed period; (2) against owners, tenants, or other persons in actual possession or control of the property at the time of injury or damage; or (3) based on the willful misconduct or fraudulent concealment by the persons otherwise protected by its provisions.

This court has twice previously examined the precise issue at bar, i.e., whether the 10-year limitation on suits under article 5536a violates the open courts provision of the Texas Constitution. In both instances, this court has upheld the statute's constitutionality. *Sowders v. M.W. Kellogg Co.,* 663 S.W.2d 644, 648 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.); *Ellerbe v. Otis Elevator Co.,* 618 S.W.2d 870, 873 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.), *appeal dism'd,* 459 U.S. 802, 103 S.Ct. 24, 74 L.Ed.2d 39 (1982). The Texas Supreme Court found no reversible error in either of these decisions.

The appellant argues that these cases did not apply the correct test for evaluating the constitutionality of article 5536a under the open courts provision, and therefore, they should not be considered controlling precedents in this case. The correct test, he contends, is whether the 10-year statute of repose effectively abrogates his right to bring an established common-law cause of action, and if so, whether the legislative basis for the statute outweighs the denial of his constitutional right to redress. *See Nelson,* 678 S.W.2d at 922.

We overrule the appellant's contention. He has not demonstrated that he was effectively denied a cause of action for his inju-ries, as were the litigants in *Nelson* and *Sax.* His claims for damages against the other named defendants, including the owner or lessee and the operator of the building, are still viable, so that the provisions of article 5536a have not abrogated his right to redress for his injuries.

A statute is presumed to be constitutional, *Sax,* 648 S.W.2d at 661, and it should not be struck down by an intermediate appellate court except on clear and certain grounds. *See Wells v. Hames,* 464 S.W.2d 393, 395 (Tex.Civ.App.—Houston [14th Dist.] 1971, writ ref'd n.r.e.). The appellant has not met his burden of showing that the statute is unconstitutional, and we overrule his sole point of error.

The judgment of the trial court is affirmed.