**SUBURBAN HOMES, Appellant,**

v.

**AUSTIN–NORTHWEST DEVELOP-
MENT COMPANY, et al.,
Appellees.**

**No. 01–86–0761–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

June 11, 1987.

Jack W. Tucker, Jr., Weitinger, Stellhammer & Tucker, Houston, for relator-appellant.

James J. McConn, Susan E. Crowley, Hays, McConn, Price & Pickering, Roliff H. Purrington, Jr., Alton J. Hall, Jr., Mayor, Day & Caldwell, Morgan L. Copeland, Jr., Vinson & Elkins, Houston, for appellees.

Before WARREN, HOYT and DUNN, JJ.

## OPINION

WARREN, Justice.

This is an appeal from a summary judgment granted against appellant on its cross-action against the appellees for contribution and indemnity.

On August 28, 1980, in an original action, Royce and Edith Reames and Raymond Yates sued appellant, claiming that appellant had sold them homes in Woodland Trails North Subdivision built on a geological fault line.

On October 18, 1985, over five years after the original action was filed, appellant filed a cross-action for indemnity and contribution against appellees. In its cross-action, appellant alleged that the negligence of Edminister, Hinshaw, Russ & Associates, Inc. (Edminister), and John J. Pepe Consulting Engineers, Inc. (Pepe), as engineers, and Austin-Northwest Development Company (Austin-Northwest), The Mischer Corporation (Mischer), TMC Funding, Inc. (TMC), Johnson-Loggins, Inc. (Johnson-Loggins), as developers, proximately caused the plaintiffs' damages. After this appeal was perfected, appellant dismissed Edminister from the suit.

Pepe, in its answer, asserted the 10–year statute of repose afforded engineers by Tex.Civ.Prac. & Rem.Code Ann. § 16.008 (Vernon 1987). Austin-Northwest, TMC, Mischer, and Johnson-Loggins, as developers, asserted in their answers the 10–year statute of repose afforded developers by Tex.Civ.Prac. & Rem.Code Ann. § 16.009 (Vernon 1987).

In 1986, each appellee filed a motion for summary judgment urging the applicable statute of repose in bar of appellant's action for contribution and indemnity. In June 1986, the trial court granted each of appellees' motions for summary judgment and in August 1986 severed these causes from those of the Reames and the Yates against Suburban.

In its three points of error, appellant claims that the court erred in granting the summary judgments and that § 16.008 was unconstitutional.

In its first point of error, the appellant alleges that the trial court erred in granting summary judgments to Austin-Northwest, TMC, Mischer, and Johnson-Loggins, because their summary judgment proof failed to establish all the elements of the applicable statute of repose, Tex.Civ.Prac. & Rem.Code Ann. § 16.009.

Section 16.009 does not bar an action *"based on willful misconduct or fraudulent concealment in connection with the performance of the construction or repair."* *Id.* at (e)(3). Specifically, the appellant argues that the appellees/developers failed to establish that there was "no fraudulent concealment or willful misconduct surrounding the disposition of the subject lots to Suburban Homes." The appellant contends that the issue of fraudulent concealment was raised in its responses to the motions of Austin-Northwest and Johnson-Loggins. Neither response was accompanied by an affidavit, but the responses themselves contained conclusory language stating that "it is a viable conclusion that [the appellees] *must have known* about the fault's existence and simply concealed it to enhance the pursuit of financial gains."

When the elements of the defense of limitations are established prima facie by a movant for summary judgment, the burden falls on the respondent to come forward with proof supporting its allegations of fraudulent concealment. *Nichols v. Smith*, 507 S.W.2d 518, 521 (Tex.1974). By affidavit, the appellees/developers established the elements of their defense: (1) their work on the project involved construction of improvements to real property, and (2) work was substantially completed more than 10 years before suit. § 16.009(a). The burden then shifted to the appellant to show the existence of a disputed fact related to its affirmative defense of fraudulent concealment. No such proof was offered.

The appellant, by failing to present summary judgment proof supporting its conclusory allegations of fraud, upon which it had the burden of proof, failed to demonstrate that a disputed fact issue existed that would have tolled the running of the statute of repose.

Appellant's first point of error is overruled.

In its second point of error, the appellant contends that summary judgment should not have been granted to Pepe because its summary judgment proof was legally insufficient to establish all the elements of the applicable statute of repose as provided by § 16.008.

Specifically, the appellant argues that appellee did not establish that it was a registered or licensed architect or engineer at the time it worked on the Woodland Trails subdivision. The statute of repose protects registered or licensed architects or engineers who design, plan, or inspect the construction of an improvement to real property or equipment attached to real property from suit more than 10 years after substantial completion of the improvement or the beginning of the equipment's operation. *Id.* Here, such proof was unnecessary since appellant's pleading specifically alleges that Pepe was an engineering firm and sued them as such.

In Texas, the term engineer, in its legal sense, encompasses the terms "licensed" or "registered," and only "registered" and "licensed" engineers may call themselves en-

gineers, practice, or offer to or attempt to practice engineering. Tex.Rev.Civ.Stat. Ann. art. 3271a, §§ 1.1, 1.2. (Vernon 1968).

 As appellant has sued Pepe, as engineers, for alleged negligent engineering work done, if appellant wanted to remove Pepe from the statute's protection then it was incumbent upon it to produce evidence that would show that Pepe is not entitled to such protection. It would indeed be bizarre to be sued as engineers for alleged faulty engineering work and then have to prove that you are an engineer before a statute passed for engineers' benefit would be available as a defense. Appellant's second point of error is overruled.

In its final point of error, the appellant maintains that Tex.Civ.Prac. & Rem.Code Ann. § 16.008 is unconstitutional, because it violates federal and Texas guarantees of due process and equal protection and the Texas open courts provision, Tex.Const. art. I, § 13.

The appellant's contentions have been addressed by this Court on three previous occasions. *Nelson v. Metallic-Braden Building Co.*, 695 S.W.2d 213 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.); *Sowders v. M.W. Kellogg Co.*, 663 S.W.2d 644 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.); *Ellerbe v. Otis Elevator Co.*, 618 S.W.2d 870 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.), *appeal dismissed*, 459 U.S. 802, 103 S.Ct. 24, 74 L.Ed.2d 39 (1982).

 The 10–year statute of repose does not offend the guarantees of equal protection because it bears a rational relationship to the State's legitimate interest in relieving engineers and architects from the burden of indefinite potential liability for completed construction projects. *Sowders*, 663 S.W.2d at 648.

 The statute does not violate the due process or open courts guarantees because the appellant had no vested right in its cause of action for contribution or indemnity. *Ellerbe*, 618 S.W.2d at 873. In previously considering this argument, this Court has noted that "a right, to be within the protection of the Constitution, must be a vested right or something more than a mere expectancy...." *Id.*

The appellant suggests that the supreme court's decision in *Nelson v. Krusen*, 678 S.W.2d 918 (Tex.1984), which declared a two-year statute of limitations unconstitutional because it cut off a medical malpractice plaintiff's cause of action before he discovered his injury, renders § 16.008 unconstitutional as applied to appellant. The 10–year statute of repose has been previously upheld by this Court in light of the *Nelson v. Krusen* decision. *Nelson v. Metallic-Braden*, 695 S.W.2d at 215.

Appellant's third point of error is overruled.

The judgments are affirmed.