**Mark BARNES and American Airlines, Inc., Appellants,**

v.

**J.W. BATESON COMPANY, INC.; Centex Corporation; Ling Oliver O'Dwyer Electric, Inc.; and Hellmuth, Obata & Kassabaum, Inc., Appellees.**

**No. 2–87–112–CV.**

Court of Appeals of Texas, Fort Worth.

July 20, 1988.

Rehearing Denied Sept. 7, 1988.

Hight & Hight, P.C., Thomas H. Hight and Jean Caldwell Hight, Kenneth Babcock, Dallas, for appellants.

Thompson & Knight, Jerry Grissom and Laurie Kratky Doré, Burford & Ryburn, Wayne Pearson and Joann N. Wilkins, Vial, Hamilton, Koch & Knox, Stephen E. Friend, Robert D. Allen and Todd Clement, Dallas, for appellees.

Before FENDER, C.J., and JOE SPURLOCK, II and KELTNER, JJ.

## OPINION

JOE SPURLOCK, II, Justice.

This is an appeal of a suit for personal injuries. Appellant, Mark Barnes, sued appellant American Airlines and appellees for personal injuries he allegedly sustained while working at Dallas/Fort Worth (DFW) Airport. American Airlines filed a cross-claim for contribution and indemnity against appellees. The trial court granted appellees' motions for summary judgment on the grounds that appellants' claims were barred by section 16.008 and 16.009 of the

Texas Civil Practices and Remedies Code because suit was not filed within ten years of the date of substantial completion of construction of the airport.

We affirm.

On or about June 15, 1984, appellant Mark Barnes, an employee of Trinity Contractors, was working at American Airlines (American) terminal 3E at DFW airport when he came in contact with a high voltage line in a "bus duct" and was severely injured. The "bus duct" was constructed and put into place by Ling Oliver O'Dywer Electric, Inc. (Ling) when the terminal was originally constructed. By January, 1974 the construction of terminal 3E was substantially completed and the terminal was placed in use for incoming and outgoing aircraft flights. Barnes sued American, the architectural firm that designed and prepared drawings for the initial construction of terminal 3E, Hellmuth, Obata & Kassabaum (HOK), the electrical subcontractor, Ling, and the general contractors of the terminal, J.W. Bateson Company, Inc. (Bateson) and Centex Corporation (Centex). American then filed cross-actions seeking contribution and/or indemnity against all appellees.

All appellees then filed motions for summary judgment on the grounds that Barnes's claims and American's cross-claims were barred by the ten-year statute of repose for architects, engineers, and contractors, TEX.CIV.PRAC. & REM.CODE ANN. secs. 16.008 & 16.009 (Vernon 1986), because they had substantially completed construction of terminal 3E on or before January, 1974—more than ten years before appellant Barnes sustained his injuries.[1]

Both Barnes and American filed a response to the motions for summary judgment contending that sections 16.008 and 16.009 violated the open courts provision of the Texas Constitution. Moreover, American in its response argued that sections 16.008 and 16.009 also violated the equal protection clause of the Texas and United States Constitutions.

On February 27, 1987, the trial court granted summary judgment for appellees, severing all claims and cross-claims concerning them. The trial court entered final judgment in that separate severed action, and denied Barnes's motion for a new trial.

In Barnes's points of error one through five and American's points of error one and two, appellants' contend that TEX.CIV. PRAC. & REM.CODE ANN. secs. 16.008 & 16.009 are unconstitutional because they violate the Texas open courts provision, TEX.CONST. art. I, sec. 13,[2] and the federal and Texas constitutional guarantees of due process and equal protection. They argue that their recovery is premised on an impossible condition: that the provisions required them to sue within ten years of the defective construction of a building, regardless of when the injury occured and whether or not their causes of action had accrued.

■ We note that Barnes contends in points of error two through five, that section 16.008 is unconstitutional because it is prohibited special legislation and violates the Texas and United States due process and equal protection clauses, were not raised by Barnes in his "Plaintiff's Response to Motions for Summary Judg-

---

1. Appellee HOK moved for summary judgment under TEX.CIV.PRAC. & REM.CODE ANN. sec. 16.008, which concerns architects and engineers furnishing design, plans, or inspection of construction of improvements. HOK also moved for summary judgment asserting it owed no duty to Barnes at the time of the incident and thus was not negligent. Appellees Ling, Bateson and Centex based their motion on TEX.CIV. PRAC. & REM.CODE ANN. sec. 16.009, which concerns persons furnishing construction or repair of improvements. However, both sections are substantially similar in both terms and effect. The only difference is that section 16.009, unlike section 16.008, also provides a two-year

grace period if a claimant is injured "during the 10th year of the limitations period." TEX.CIV. PRAC. & REM.CODE ANN. sec. 16.009(d) (Vernon 1986). Additionally, section 16.009(e) specifically excepts suits based on written warranty, willful misconduct, fraudulent concealment or brought against persons in control or possession of the premises.

2. The open courts provision provides: "All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law."

ment." A non-movant who wishes to assert a constitutional challenge to a statute must expressly present his argument to the trial court in writing. *Lynch v. Port of Houston Authority*, 671 S.W.2d 954, 957 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.); *Reddix v. Eaton Corp.*, 662 S.W.2d 720, 723 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.); TEX.R.CIV.P. 166a(c). Constitutional challenges not expressly presented to the trial court by written motion, answer or other response to a motion for summary judgment will not be considered on appeal as grounds for reversal. *City of San Antonio v. Schautteet*, 706 S.W.2d 103, 104 (Tex.1986) (per curiam). As Barnes did not raise the due process, equal protection and special legislation constitutional challenges in the trial court below, we will not consider them on appeal. We overrule Barnes's points of error two through five. However, we will address the equal protection and due process challenges to the statute as to American since it raised these issues in its response to the motions for summary judgment.

■ A statute is presumed to be constitutional and should not be struck down by an intermediate appellate court except on clear and certain grounds. *See Sax v. Votteler*, 648 S.W.2d 661, 664 (Tex.1983); *Nelson v. Metallic–Braden Bldg. Co.*, 695 S.W.2d 213, 215 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). "It is to be presumed that the Legislature has not acted unreasonably or arbitrarily; and a mere difference of opinion, where reasonable minds could differ, is not a sufficient basis for striking down legislation as arbitrary or unreasonable." *Smith v. Davis*, 426 S.W.2d 827, 831 (Tex.1968). The burden of demonstrating the unconstitutionality of the statute rests on the parties assailing the statute. *McCullouch v. Fox & Jacobs, Inc.*, 696 S.W.2d 918, 923 (Tex.App.—Dallas 1985, writ ref'd n.r.e.) (en banc).

■ Our sister courts have upheld the constitutionality of TEX.CIV.PRAC. & REM.CODE ANN. secs. 16.008 & 16.009 and rejected challenges that the statutes violate the federal and Texas guarantees of due process and equal protection and the Texas open courts provision. *See Suburban Homes v. Austin–Northwest Dev.*, 734 S.W.2d 89, 92 (Tex.App.—Houston [1st Dist.] 1987, no writ); *McCullouch*, 696 S.W.2d at 925; *Nelson*, 695 S.W.2d at 215; *Sowders v. M.W. Kellogg Co.*, 663 S.W.2d 644, 648–49 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.); *Ellerbe v. Otis Elevator Co.*, 618 S.W.2d 870, 873 (Tex.Civ. App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.), *app. dism'd*, 459 U.S. 802, 103 S.Ct. 24, 74 L.Ed.2d 39 (1982); *Hill v. Forrest & Cotton, Inc.*, 555 S.W.2d 145, 149 (Tex.Civ. App.—Eastland 1977, writ ref'd n.r.e.). The ten-year statute of repose does not offend the guarantees of equal protection because it bears a rational relationship to the state's legitimate interest in relieving engineers, architects, and other construction professionals within its purview from the burden of indefinite potential liability for completed construction projects. *See Suburban Homes*, 734 S.W.2d at 92; *McCullouch*, 696 S.W.2d at 923; *Sowders*, 663 S.W.2d at 648; *Ellerbe*, 618 S.W.2d at 873–74.

■ The statute does not violate the due process or open courts guarantees because appellants had no vested rights in their causes of action for injuries sustained or contribution or indemnity. *See Suburban Homes*, 734 S.W.2d at 92; *McCullouch*, 696 S.W.2d at 925; *Ellerbe*, 618 S.W.2d at 873. "[A] right, to be within the protection of the constitution, must be a vested right or something more than a mere expectancy based upon an anticipated continuance of an existing law." *Ellerbe*, 618 S.W.2d at 873.

Appellants' claims that the supreme court's decision in *Nelson v. Krusen*, 678 S.W.2d 918 (Tex.1984), which declared a two-year statute of limitations unconstitutional because it cut off a medical malpractice plaintiff's cause of action before he discovered his injury, renders sections 16.-008 and 16.009 unconstitutional because those provisions require appellants to do the impossible—sue before they sustain injuries and know that they should sue. However, three Texas Courts of Appeals

have examined Texas construction statutes of repose in light of *Krusen* and found them to pass constitutional muster. *See Suburban Homes,* 734 S.W.2d at 92; *McCullouch,* 696 S.W.2d at 925–26; *Metallic–Braden,* 695 S.W.2d at 215.

We note that American's argument as a post-*Krusen* co-defendant seeking contribution and indemnity, was specifically rejected in *Suburban Homes,* 734 S.W.2d at 92.

We hold that TEX.CIV.PRAC. & REM. CODE ANN. secs. 16.008 & 16.009 do not violate federal and Texas guarantees of due process and equal protection and do not violate the Texas open courts provision. Barnes's point of error one and American's points of error one and two are overruled. We affirm.