**TRINITY RIVER AUTHORITY,**
Appellant,

v.

**URS CONSULTANTS, INC.–TEXAS**
**f/k/a URS/Forrest and Cotton,**
**Inc., Appellee.**

No. 05–92–02807–CV.

Court of Appeals of Texas,
Dallas.

June 29, 1993.

Rehearing Denied Sept. 17, 1993.

Kenneth J. Lambert, Craig A. Eggleston, Dallas, for appellant.

William Charles Bundren, Dallas, for appellee.

Before KINKEADE, BURNETT and MORRIS, JJ.

## OPINION

KINKEADE, Justice.

Trinity River Authority (TRA) appeals a take nothing summary judgment entered in favor of URS Consultants, Inc.–Texas f/k/a URS Forrest and Cotton, Inc. (URS) in this case involving URS's alleged negligent design of a sewage treatment plant operated by TRA. In nine points of error, TRA contends that the trial court erred in granting URS's motion for summary judgment based upon the ten-year statute of repose applicable to architects and engineers because (1) that statute is unconstitutional and (2) URS failed to controvert all of TRA's allegations. Because we conclude that the statute of repose is constitutional and applies in this case, we affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL HISTORY

On March 6, 1992, TRA sued URS for damages resulting from the collapse of an equalizer basin wall at a sewage treatment plant operated by TRA in Grand Prairie, Texas. In its petition, TRA alleged that it entered into a contract with URS on May 16, 1972, for URS to design and provide other engineering services for enlargement and improvement of the sewage treatment plant. TRA alleged that the design of an equalizer basin wall was included within the scope of this contract. TRA stated that the equalizer basin wall was completed in 1976. TRA alleged that the wall collapsed on March 11, 1990. TRA claimed negligence in the improper design of the wall and that this improper design was the proximate cause of TRA's damages. TRA contended that because of the nature of the defective design, its existence defied discovery until after the collapse of the wall.

URS moved for summary judgment based upon the allegations in TRA's petition. It argued that the allegations in TRA's petition established as a matter of law that the ten-year statute of repose applicable to architects and engineers barred TRA's cause of action against URS. TRA responded that the statute of repose was unconstitutional because it violated (1) the open courts provision of article I, section 13 of the Texas Constitution, (2) the due process clauses of the Fourteenth Amendment to the U.S. Constitution and article I, section 19 of the Texas Constitution, and (3) the equal protection clauses of the Fourteenth Amendment to the U.S. Constitution and article I, section 3 and article III, section 56 of the Texas Constitution. The trial court granted URS's motion for summary judgment and entered a take nothing judgment against TRA on its claims against URS.

## SUMMARY JUDGMENT

■ TRA contends that the trial court erred in granting URS's motion for summary judgment based upon the statute of repose because that statute is unconstitutional. In its first three points of error, TRA argues that the statute violates the open courts provision of article I, section 13 of the Texas Constitution. In its fourth point of error, TRA argues that the statute violates the due process clause of article I, section 19 of the Texas Constitution. In its sixth point of error, TRA argues that the statute violates the equal protection clause of article I, section 3 of the Texas Constitution. In its seventh and eighth points of error, TRA argues the statute violates the due process and equal protection clauses of the Fourteenth Amendment to the U.S. Constitution. In its ninth point of error, TRA argues that the statute violates the equal protection rights afforded by special laws clause of article III, section 56 of the Texas Constitution.

### Summary Judgment Standard of Review

In reviewing the trial court's ruling on URS's motion for summary judgment with respect to the statute of repose, we apply the following standards:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.
2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.
3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

See *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). We will reverse the summary judgment and remand the cause for a trial on the merits if the summary judgment was improperly granted. *Tobin v. Garcia,* 159 Tex. 58, 63–64, 316 S.W.2d 396, 400 (1958).

■ The summary judgment rule does not provide for a trial by deposition or affidavit. The rule provides a method for summarily ending a case involving only a question of law and no genuine material fact issue. *Gaines v. Hamman,* 163 Tex. 618, 626, 358 S.W.2d 557, 563 (1962). The trial court's duty is to determine if there are any material fact issues to try, not to weigh the evidence or determine its credibility and try the case on affidavits. *Gulbenkian v. Penn,* 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952). The purpose of the summary judgment rule is to eliminate patently unmeritorious claims or untenable defenses. The rule is not intended to deprive litigants of their right to a full hearing on the merits of any real issue of material fact. *Id.,* 252 S.W.2d at 931.

To show its right to a summary judgment, a defendant as movant must either disprove an essential element of the plaintiff's cause of action as a matter of law or establish all the elements of its defense as a matter of law. *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970); *Pinckley v. Gallegos,* 740 S.W.2d 529, 531 (Tex.App.—San Antonio 1987, writ denied). The plaintiff as nonmovant need not answer or respond to a motion for summary judgment to contend on appeal the grounds expressly presented by the defendant's motion are insufficient as a matter of law to support summary judgment. But, a plaintiff may not raise any other issues as

grounds for reversal. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979).

Except to attack the legal sufficiency of the movant's grounds for summary judgment, the nonmovant must expressly present to the trial court any reason for avoiding the movant's entitlement to summary judgment. The nonmovant must present summary judgment proof when necessary to show a fact issue. The nonmovant must expressly present to the trial court in a written answer or response to the motion those issues that would defeat the movant's right to summary judgment. Failing to do so, the nonmovant may not assign them as error on appeal. TEX.R.CIV.P. 166a(c); *City of Houston*, 589 S.W.2d at 678–79.

## Constitutionality of the Statute of Repose

The statute of repose applicable in this case is section 16.008 of the Texas Civil Practice and Remedies Code. That section provides:

(a) A person must bring suit for damages ... against a registered or licensed architect or engineer in this state, who designs, plans, or inspects the construction of an improvement to real property or equipment attached to real property, not later than 10 years after the substantial completion of the improvement or the beginning of operation of the equipment in an action arising out of a defective or unsafe condition of the real property, the improvement, or the equipment.

TEX.CIV.PRAC. & REM.CODE ANN. § 16.008(a) (Vernon 1986). There is no dispute that section 16.008 is applicable to bar TRA's cause of action against URS. The issue in this case is whether the statute is constitutional.

 Statutes are presumed to be valid. *Sax v. Votteler*, 648 S.W.2d 661, 664 (Tex. 1983); *Smith v. Davis*, 426 S.W.2d 827, 831 (Tex.1968). We must construe a statute in a manner that renders it constitutional if it is possible to do so consistent with a reasonable interpretation of its language. *See Brady v. Fourteenth Court of Appeals*, 795 S.W.2d 712, 715 (Tex.1990, orig. proceeding). If

such an interpretation is not possible, however, then the constitution must prevail over the statute. *Earle v. Program Centers of Grace Union Presbytery, Inc.*, 670 S.W.2d 777, 779–80 (Tex.App.—Fort Worth 1984, no writ). The burden is on the party attacking the statute to show that it is unconstitutional. *Texas Pub. Bldg. Auth. v. Mattox*, 686 S.W.2d 924, 927 (Tex.1985, orig. proceeding); *Robinson v. Hill*, 507 S.W.2d 521, 524 (Tex. 1974).

## Open Courts Provision

 Article I, section 13 of the Texas Constitution provides, in pertinent part:

All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law.

TEX. CONST. art. I, § 13. This constitutional provision is a facet of due process. *Stout v. Grand Prairie Indep. Sch. Dist.*, 733 S.W.2d 290, 293 (Tex.App.—Dallas 1987, writ ref'd n.r.e.), *cert. denied*, 485 U.S. 907, 108 S.Ct. 1082, 99 L.Ed.2d 241 (1988). It is based on the premise that the legislature cannot make a remedy contingent on an impossible condition. *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 355 (Tex.1990). The open courts provision ensures that citizens bringing a common law cause of action will not unreasonably be denied the right of redress for their injuries. *Hanks v. City of Port Arthur*, 121 Tex. 202, 207–16, 48 S.W.2d 944, 946–50 (1932); *Stout*, 733 S.W.2d at 293.

 The supreme court has established a two-part test for evaluating a challenge under the open courts provision. First, the statute must restrict a well-recognized common law cause of action. *Moreno*, 787 S.W.2d at 355. Second, the restriction must be unreasonable or arbitrary when balanced against the purpose and basis of the statute. *Id.; see also Lucas v. United States*, 757 S.W.2d 687, 690 (Tex.1988); *Sax*, 648 S.W.2d at 666.

URS contends that the statute of repose is constitutional based upon this Court's decision in *McCulloch v. Fox & Jacobs, Inc.*, 696 S.W.2d 918 (Tex.App.—Dallas 1985, writ ref'd n.r.e.) (en banc) and that *McCulloch* is

controlling in this case. In *McCulloch*, an individual who had been injured in a community swimming pool brought suit against the developer of the community that had contracted for construction of the pool. *McCulloch*, 696 S.W.2d at 920. The pool had been constructed in 1961, and the individual was injured in 1979. *Id.* The trial court granted summary judgment for the developer based upon the same statute of repose at issue in this case. *Id.* The individual appealed contending that the statute of repose was unconstitutional under the open courts provision of the Texas Constitution, among other things. *Id.* at 923. In determining whether a statute is unconstitutional under the open courts provision, the Court held that "an aggrieved litigant must show that a cognizable common-law cause of action is being restricted and that the restriction, balanced against the purpose of the statute, is unreasonable or arbitrary." *Id.* at 924. Applying this test, this Court held that the statute of repose was constitutional under the open courts provision of the Texas Constitution. *Id.* at 925.

TRA argues that *McCulloch* is not controlling in this case because the supreme court, in *Moreno* and *Lucas*, changed the two-part test applied by this Court in *McCulloch* in the open courts analysis. We disagree with TRA. In *Moreno* and *Lucas*, the supreme court applied the same two-part test in an open courts analysis that was used by this Court in *McCulloch. Moreno*, 787 S.W.2d at 355; *Lucas*, 757 S.W.2d at 690. The supreme court did not overrule *McCulloch* in *Moreno* or *Lucas*. Numerous courts of appeals, both before and after the *Moreno* and *Lucas* decisions, have upheld the statute of repose under the open courts provision and have cited the same two-part test applied in *Moreno, Lucas,* and *McCulloch. See Texas Gas Exploration Corp. v. Fluor Corp.*, 828 S.W.2d 28, 31 (Tex.App.—Texarkana 1991, writ denied); *Barnes v. J.W. Bateson Co.*, 755 S.W.2d 518, 521 (Tex.App.—Fort Worth 1988, no writ); *Suburban Homes v. Austin–Northwest Dev. Co.*, 734 S.W.2d 89, 92 (Tex. App.—Houston [1st Dist.] 1987, no writ); *Sowders v. M.W. Kellogg Co.*, 663 S.W.2d 644, 648 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.); *Ellerbe v. Otis Elevator Co.*, 618 S.W.2d 870, 873 (Tex.Civ.App.—

Houston [1st Dist.] 1981, writ ref'd n.r.e.). This Court recently applied the same two-part test used in *McCulloch* in an open courts analysis, although the case did not involve the statute of repose at issue in this case. *See Glyn–Jones v. Bridgestone/Firestone, Inc.*, 857 S.W.2d 640, 642 (Tex.App.—Dallas May 21, 1993, n.w.h.).

We conclude that our decision in *McCulloch* is controlling in this case. Following that decision, we again hold that section 16.-008 of the Texas Civil Practice and Remedies Code is constitutional under the open courts provision of the Texas Constitution. Accordingly, we overrule TRA's first three points of error.

### Other Constitutional Provisions

■ TRA's remaining constitutional arguments attack the statute of repose on due process and equal protection grounds under the Texas and U.S. Constitutions. We previously rejected these same arguments in *McCulloch. McCulloch*, 696 S.W.2d at 923. Other courts of appeals have also rejected challenges that this statute of repose violates the federal and Texas guarantees of due process and equal protection. *See Texas Gas Exploration Corp.*, 828 S.W.2d at 31; *Barnes*, 755 S.W.2d at 521; *Suburban Homes*, 734 S.W.2d at 92; *Sowders*, 663 S.W.2d at 648–49; *Ellerbe*, 618 S.W.2d at 873. We adhere to our decision in *McCulloch* and hold that section 16.008 of the Texas Civil Practice and Remedies Code is constitutional under the due process and equal protection rights afforded by the Texas and U.S. Constitutions. We, therefore, overrule TRA's fourth, sixth, seventh, eighth, and ninth points of error.

To obtain a summary judgment, URS must either disprove an essential element of TRA's cause of action *or* establish all the elements of its defense as a matter of law. *See Gibbs*, 450 S.W.2d at 828; *Pinckley*, 740 S.W.2d at 531. The trial court did not err in granting URS's motion for summary judgment because URS's defense under section 16.008 of the Texas Civil Practice and Remedies Code is constitutional and applies in this case to bar TRA's cause of action. We, therefore,

need not address TRA's fifth point of error complaining that URS did not controvert TRA's material allegations.

We affirm the trial court's judgment.