Francisco ZARAGOSA, Appellant,

v.

CHEMETRON INVESTMENTS, INC., Chemtron Food Equipment Company, Sunbeam Corp., Sunbeam Products, Inc., Apache Stainless Equipment Corp.–A Division of Mepaco, Apache Stainless Equipment Corp., Mepaco, Mepaco–Apache Stainless Equipment Corp., Mepaco dba Apache Stainless and Apache Stainless Equipment–Mepaco, Appellees.

No. 2–00–328–CV.

Court of Appeals of Texas, Fort Worth.

Nov. 6, 2003.

Jimmie A. Franklin, Arlington, for appellant.

Hermes, Sargent & Bates, L.L.P., Thad D. Spalding, Dwayne J. Hermes, Dallas, for appellees.

PANEL A: CAYCE, C.J.; DAY and GARDNER, JJ.

## OPINION

SAM J. DAY, Justice.

### I. INTRODUCTION

This is a products liability case arising out of injuries sustained by appellant Francisco Zaragosa, an employee of H & M Food Systems Company, Inc. on September 2, 1997. While working near the lower opening of a large, commercial mixer/blender where processed food materials exit, appellant claims to have caught his right hand in the equipment, resulting in a partial amputation. On April 22, 1999, as a result of the injury, appellant sued, among others, Chemtron Food Equipment Company, Sunbeam Corp., Sunbeam Products, Inc., and Apache Stainless Equipment Corp. ("the Product Defendants"), based on theories of strict liability, breach of express and implied warranty, and negligence.

On August 13, 1999, the Product Defendants filed a motion for summary judgment asserting that because appellant's claim was first filed on April 22, 1999, and uncontroverted summary judgment proof established the mixer/blender was sold in 1978, appellant was barred from any recovery under TEX. CIV. PRAC. & REM.CODE ANN. § 16.012(b), which prohibited the prosecution of a product liability lawsuit involving manufacturing equipment over fifteen years after the manufacturer or seller sells the equipment. Act of Feb. 24, 1993, 73d Leg., R.S., ch. 5, § 2, sec. 16.012(b), 1993 Tex. Gen. Laws 14 (amended 2003) (current version at TEX. CIV. PRAC. & REM.CODE ANN. § 16.012 (Vernon Supp. 2004)).[1] In response, appellant argued, that: (1) the equipment at issue was not engaged in the manufacture of "tangible personal property," as required by the

1. One of the Product Defendants, Apache Stainless Equipment Corp., alternatively argued that it was entitled to summary judgment for the additional reason that it had no involvement with the mixer/blender and in September 1993, purchased only the assets of Mepaco, Inc., an entity previously affiliated with the product.

statute; (2) appellant's employer, H & M, had purchased the mixer/blender in 1990 or 1991 (but no earlier than 1986), thus somehow making appellant's lawsuit, filed only eight or nine years later, timely; and (3) the statute of repose itself was unconstitutional and thus "void ab initio." [2]

On July 21, 2000, the trial court granted the Product Defendants' summary judgment without specifying grounds relied on for its ruling and ordered appellant take nothing against the Product Defendants. In eight issues on appeal, appellant claims the summary judgment was improper because genuine issues of material facts regarding the mixer/blender existed, and section 16.012 is unconstitutional on various grounds. We affirm.

## II. STANDARD OF REVIEW

In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *S.W. Elec. Power Co. v. Grant,* 73 S.W.3d 211, 215 (Tex.2002); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979). The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *S.W. Elec. Power Co.,* 73 S.W.3d at 215; *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *Great Am.,* 391 S.W.2d at 47.

■ In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence are disregarded and the evidence favorable to the nonmovant is accepted as true. *Harwell v. State Farm Mut. Auto. Ins. Co.,* 896 S.W.2d 170, 173 (Tex.1995). Evidence that favors the movant's position will not be considered unless it is uncontroverted. *Great Am.,* 391 S.W.2d at 47. A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all the elements of the affirmative defense. *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.,* 988 S.W.2d 746, 748 (Tex.1999). To accomplish this, the defendant-movant must present summary judgment evidence that establishes each element of the affirmative defense as a matter of law. *Ryland Group, Inc. v. Hood,* 924 S.W.2d 120, 121 (Tex.1996).

## III. GENUINE ISSUES OF MATERIAL FACT

In his first three issues, appellant argues that the trial court erred in granting the Product Defendants' summary judgment because disputed facts existed as to whether the mixer/blender was used in the manufacture of "tangible personal property" and as to the date of sale of the mixer/blender.[3]

---

**2.** With regard to Apache's alternative argument, appellant argued that Apache's Asset Purchase Agreement's exclusion of "product liability claims" did not include appellant's claim for negligence.

**3.** Appellant also argues that a factual dispute existed as to whether Apache's Asset Purchase Agreement excluded appellant's liability claims based on negligence. However, because we find that summary judgment was proper under section 16.012, Apache's alternative argument has no practical impact on the Product Defendants' summary judgment at issue here. *See* Act of Feb. 24, 1993, 73d Leg., R.S., ch. 5, § 2, sec. 16.012(b), 1993 Tex. Gen. Laws 14 (amended 2003); *see also Star–Telegram, Inc. v. Doe,* 915 S.W.2d 471, 473 (Tex.1995) (holding that when trial court's order granting summary judgment does not specify grounds relied on for its ruling, summary judgment will be affirmed on appeal if any of the theories advanced are

## A. "Tangible Personal Property"

In order for the fifteen-year statute of repose to bar the appellant's suit under section 16.012, the mixer/blender must qualify as manufacturing equipment, which is equipment and machinery used in the manufacturing, processing, or fabrication of "tangible personal property." *See* Act of Feb. 24, 1993, 73d Leg., R.S., ch. 5, § 2, sec. 16.012(a)(2),(b), 1993 Tex. Gen. Laws 14 (amended 2003). The statute, however, does not define "tangible personal property." Appellant argues that the evidence presented to the trial court established that the mixer/blender did not manufacture "tangible personal property." Moreover, appellant claims that the lack of a statutory definition for the term renders the section "incapable of application or enforcement."

However, the law provides that a term not defined by a statute be given its ordinary and plain meaning. *See Univ. of Tex. Med. Branch at Galveston v. York*, 871 S.W.2d 175, 178 n. 6 (Tex.1994). Here, the summary judgment evidence shows that the mixer/blender was used to rehydrate textured vegetable proteins, like soybeans, that H & M, a food processing plant, used as meat filler or additives. By using the ordinary meaning of the phrase "tangible personal property" provided by the Legislature and the Texas Supreme Court, the textured vegetable protein manufactured and processed by the mixer/blender clearly falls within the term. *Id.* (defining "tangible personal property" under the Tort Claims Act as "something that has a corporeal, concrete, and palpable existence"); *see* TEX. TAX CODE ANN. § 151.009 (Vernon 2002) (defining "tangible personal property" as "personal property that can be seen, weighed, measured, felt, or touched"); *First Nat'l Bank of Ft.*

*Worth v. Bullock*, 584 S.W.2d 548, 551 (Tex.Civ.App.-Austin 1979, writ ref'd n.r.e.) (including food products, like those being manufactured here, under the tax code definition of "tangible personal property"). Accordingly, the mixer/blender is the type of manufacturing equipment governed by statute of repose in section 16.012 and no genuine issue of material fact existed as to this issue. Act of Feb. 24, 1993, 73d Leg., R.S., ch. 5, § 2, sec. 16.012(b), 1993 Tex. Gen. Laws 14 (amended 2003). We overrule appellant's first issue.

## B. Date Product Defendants Sold Mixer/Blender

In order for the fifteen-year statute of repose to bar the appellant's suit under section 16.012, the Product Defendants must show that the mixer/blender was sold more than fifteen years before the date appellant filed suit. *See id.* (stating "a claimant must commence a products liability action against a manufacturer or seller of manufacturing equipment before the end of fifteen years after the date of the sale of the equipment *by the defendant*") (emphasis added). Here, uncontroverted evidence showed that the last time any of the Product Defendants had contact with the mixer/blender was in June of 1978, when Chemtron Food Equipment Company sold it to a third party. Since appellant did not bring this suit until 1999, over twenty years after the date the mixer/blender was sold by the Product Defendants, the statute of repose bars his claim.

However, appellant argues that because the evidence showed a non-defendant, third party sold H & M the mixer in 1986, 1990, or 1991, there is a dispute of fact as to whether the "mixer/blender was more than 15 years old from its sale." However, the dates appellant's employer

meritorious). We overrule appellant's third

point.

purchased the mixer/blender and the dates a non-defendant, third party sold the equipment are irrelevant to this issue. *See id.* (stating the only relevant date is "the date of sale of the equipment by the defendant"). Therefore, there is no genuine issue of material fact as to the date of sale by the Product Defendants. We overrule appellant's second issue.

## IV. CONSTITUTIONALITY OF SECTION 16.012

In his last five issues, appellant contends section 16.012 violates the equal protection and open courts guarantees provided by the United States and Texas Constitutions.[4] Appellant also claims that the statute constitutes an improper special law in violation of article III, section 56 of the Texas Constitution and that once the special law provision of the statute is struck, the remainder cannot stand on its own. These arguments are without merit.

"A statute is presumed to be constitutional and should not be struck down by an intermediate appellate court except on clear and certain grounds." *Barnes v. J.W. Bateson Co.,* 755 S.W.2d 518, 521 (Tex.App.-Fort Worth 1988, no writ). Further, we must presume "that the Legislature has not acted unreasonably or arbitrarily; and a mere difference of opinion, where reasonable minds could differ, is not a sufficient basis for striking down legislation as arbitrary and unreasonable." *Id.*

### A. Equal Protection

Both state and federal equal protection guarantees provide that where a statute does not impinge on a fundamental right or distinguish between persons on a suspect basis such as race or national origin, it is valid as long as it is rationally related to a legitimate state purpose. *Ford Motor Co. v. Sheldon,* 22 S.W.3d 444,

451 (Tex.2000). Here, appellant's common law claims are not considered fundamental rights, and appellant cites no authority for the proposition that the statute distinguishes between persons on a suspect basis. *See McCulloch v. Fox & Jacobs, Inc.,* 696 S.W.2d 918, 924 (Tex.App.-Dallas 1985, writ ref'd n.r.e.). The statute is reasonably related to the legitimate state purpose of protecting manufacturers and sellers from stale claims based on manufacturing equipment, typically used in a factory or plant on a continuous or nearly continuous basis, so that any defects in the equipment would be apparent before the repose period expired. *See Eaton v. Jarvis Prods. Corp.,* 965 F.2d 922, 930 (10th Cir.1992) (holding a similar seven-year statute of repose was rationally related); *see also Trinity River Auth. v. URS Consultants, Inc.,* 889 S.W.2d 259, 265 (Tex.1994) (holding a ten-year statute of repose for negligence actions against architects and engineers was rationally related). Additionally, effective September 1, 2003, the statute was changed and now applies to all products. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.012(b) (Vernon Supp.2004) (stating "a claimant must commence a products liability action against a manufacturer or seller of a product before the end of 15 years after the date of the sale of the product by the defendant"). We overrule appellant's fourth issue.

### B. Open Courts

Texas courts have repeatedly held that statutes of repose do not violate the open courts provisions of the Texas Constitution. *See e.g., Barnes,* 755 S.W.2d at 521-22; *McCulloch,* 696 S.W.2d at 921; *Sowders v. M.W. Kellogg Co.,* 663 S.W.2d 644, 648 (Tex.App.-Houston [1st Dist.] 1983, writ ref'd n.r.e). Moreover, for a common law action to be within the protection of the Texas or United States Consti-

4.  *See* U.S. CONST. amend. 14; TEX. CONST. art. I,   §§ 13, 17, 19.

tutions, it must be a vested right or something more than a mere expectancy based upon an anticipated continuance of existing law. *See Barnes,* 755 S.W.2d at 521; *Sowders,* 663 S.W.2d at 648. Here, the statute of repose prohibited any claims against the Product Defendants arising out of this mixer/blender in 1993, well before appellant was even injured. Because appellant never had a vested right in his claims against the Product Defendants, that statute of repose could not violate the open courts guarantee. We overrule appellant's seventh issue.

### C. Improper Special Law

■ The constitutional prohibition against special laws was intended to suppress the enactment of "laws for the advancement of personal rather than public interests" and "the reprehensible practice of trading and 'logrolling.'" *Sheldon,* 22 S.W.3d at 450 (quoting *Miller v. El Paso County,* 136 Tex. 370, 150 S.W.2d 1000, 1001 (1941)). In the end, the test of whether a law is general or special is: (1) whether there is a reasonable basis for the classification made by the law; and (2) whether the law operates equally on all within the class. *Id.* at 451. As was made clear above, the statute's focus on "manufacturing equipment" is reasonably based and operates equally within the class. *See Eaton,* 965 F.2d at 930; *Trinity River Auth.,* 889 S.W.2d at 265. Moreover, since no provision need be removed from this statute, the statute does not fail as a whole. We overrule appellant's fifth, sixth, and eighth issues.

### V. Conclusion

Having overruled all of appellant's issues on appeal, we affirm the trial court's judgment.