COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH

NO. 2-00-328-CV
 
 
FRANCISCO ZARAGOSA                                                        APPELLANT
 
V.
 
CHEMETRON INVESTMENTS, INC., 
CHEMTRON                        APPELLEES
FOOD EQUIPMENT COMPANY, 
SUNBEAM CORP.,
SUNBEAM PRODUCTS, INC., APACHE
STAINLESS EQUIPMENT CORP.–A 
DIVISION
OF MEPACO, APACHE STAINLESS 
EQUIPMENT
CORP., MEPACO, MEPACO–APACHE 
STAINLESS
EQUIPMENT CORP., MEPACO DBA 
APACHE
STAINLESS AND APACHE STAINLESS
EQUIPMENT–MEPACO
 
------------
 
FROM THE 236TH 
DISTRICT COURT OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
I. INTRODUCTION
        This 
is a products liability case arising out of injuries sustained by appellant 
Francisco Zaragosa, an employee of H&M Food Systems Company, Inc. on 
September 2, 1997. While working near the lower opening of a large, commercial 
mixer/blender where processed food materials exit, appellant claims to have 
caught his right hand in the equipment, resulting in a partial amputation. On 
April 22, 1999, as a result of the injury, appellant sued, among others, 
Chemtron Food Equipment Company, Sunbeam Corp., Sunbeam Products, Inc., and 
Apache Stainless Equipment Corp. (“the Product Defendants”), based on 
theories of strict liability, breach of express and implied warranty, and 
negligence.
        On 
August 13, 1999, the Product Defendants filed a motion for summary judgment 
asserting that because appellant’s claim was first filed on April 22, 1999, 
and uncontroverted summary judgment proof established the mixer/blender was sold 
in 1978, appellant was barred from any recovery under Tex. Civ. Prac. & Rem. Code Ann. § 
16.012(b), which prohibited the prosecution of a product liability lawsuit 
involving manufacturing equipment over fifteen years after the manufacturer or 
seller sells the equipment. Act of Feb. 24, 1993, 73d Leg., R.S., ch. 5, § 2, 
sec. 16.012(b), 1993 Tex. Gen. Laws 14 (amended 2003) (current version at Tex. Civ. Prac. & Rem. Code Ann. § 
16.012 (Vernon Supp. 2004)).[1]  In response, 
appellant argued, that: (1) the equipment at issue was not engaged in the 
manufacture of “tangible personal property,” as required by the statute; (2) 
appellant’s employer, H&M, had purchased the mixer/blender in 1990 or 1991 
(but no earlier than 1986), thus somehow making appellant’s lawsuit, filed 
only eight or nine years later, timely; and (3) the statute of repose itself was 
unconstitutional and thus “void ab initio.”[2]
        On 
July 21, 2000, the trial court granted the Product Defendants’ summary 
judgment without specifying grounds relied on for its ruling and ordered 
appellant take nothing against the Product Defendants. In eight issues on 
appeal, appellant claims the summary judgment was improper because genuine 
issues of material facts regarding the mixer/blender existed, and section 16.012 
is unconstitutional on various grounds. We affirm.
II. STANDARD OF REVIEW
        In 
a summary judgment case, the issue on appeal is whether the movant met his 
summary judgment burden by establishing that no genuine issue of material fact 
exists and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); S.W. Elec. 
Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002); City of Houston v. 
Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). The burden of 
proof is on the movant, and all doubts about the existence of a genuine issue of 
material fact are resolved against the movant. S.W. Elec. Power Co., 73 
S.W.3d at 215; Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 
391 S.W.2d 41, 47 (Tex. 1965). Therefore, we must view the evidence and its 
reasonable inferences in the light most favorable to the nonmovant. Great Am., 
391 S.W.2d at 47.
        In 
deciding whether there is a material fact issue precluding summary judgment, all 
conflicts in the evidence are disregarded and the evidence favorable to the 
nonmovant is accepted as true. Harwell v. State Farm Mut. Auto. Ins. Co., 
896 S.W.2d 170, 173 (Tex. 1995). Evidence that favors the movant's position will 
not be considered unless it is uncontroverted. Great Am., 391 S.W.2d at 
47. A defendant is entitled to summary judgment on an affirmative defense if the 
defendant conclusively proves all the elements of the affirmative defense. KPMG 
Peat Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 
1999). To accomplish this, the defendant-movant must present summary judgment 
evidence that establishes each element of the affirmative defense as a matter of 
law. Ryland Group, Inc. v. Hood, 924 S.W.2d 120, 121 (Tex. 1996).
III. GENUINE ISSUES OF MATERIAL FACT
        In 
his first three issues, appellant argues that the trial court erred in granting 
the Product Defendants’ summary judgment because disputed facts existed as to 
whether the mixer/blender was used in the manufacture of “tangible personal 
property” and as to the date of sale of the mixer/blender.[3]
A. “Tangible Personal Property”
        In 
order for the fifteen-year statute of repose to bar the appellant’s suit under 
section 16.012, the mixer/blender must qualify as manufacturing equipment, which 
is equipment and machinery used in the manufacturing, processing, or fabrication 
of “tangible personal property.” See Act of Feb. 24, 1993, 73d Leg., 
R.S., ch. 5, § 2, sec. 16.012(a)(2),(b), 1993 Tex. Gen. Laws 14 (amended 2003). 
The statute, however, does not define “tangible personal property.” 
Appellant argues that the evidence presented to the trial court established that 
the mixer/blender did not manufacture “tangible personal property.” 
Moreover, appellant claims that the lack of a statutory definition for the term 
renders the section “incapable of application or enforcement.”
        However, 
the law provides that a term not defined by a statute be given its ordinary and 
plain meaning. See Univ. of Tex. Med. Branch at Galveston v. York, 871 
S.W.2d 175, 178 n.6 (Tex. 1994). Here, the summary judgment evidence shows that 
the mixer/blender was used to rehydrate textured vegetable proteins, like 
soybeans, that H&M, a food processing plant, used as meat filler or 
additives. By using the ordinary meaning of the phrase “tangible personal 
property” provided by the Legislature and the Texas Supreme Court, the 
textured vegetable protein manufactured and processed by the mixer/blender 
clearly falls within the term. Id. (defining “tangible personal 
property” under the Tort Claims Act as “something that has a corporeal, 
concrete, and palpable existence”); see Tex. Tax Code Ann. § 151.009 (Vernon 
2002) (defining “tangible personal property” as “personal property that 
can be seen, weighed, measured, felt, or touched”); First Nat’l Bank of 
Ft. Worth v. Bullock, 584 S.W.2d 548, 551 (Tex. Civ. App.—Austin 1979, 
writ ref’d n.r.e.) (including food products, like those being manufactured 
here, under the tax code definition of “tangible personal property”). 
Accordingly, the mixer/blender is the type of manufacturing equipment governed 
by statute of repose in section 16.012 and no genuine issue of material fact 
existed as to this issue. Act of Feb. 24, 1993, 73d Leg., R.S., ch. 5, § 2, 
sec. 16.012(b), 1993 Tex. Gen. Laws 14 (amended 2003). We overrule appellant’s 
first issue.
B. Date Product Defendants Sold Mixer/Blender
        In 
order for the fifteen-year statute of repose to bar the appellant’s suit under 
section 16.012, the Product Defendants must show that the mixer/blender was sold 
more than fifteen years before the date appellant filed suit. See id. 
(stating “a claimant must commence a products liability action against a 
manufacturer or seller of manufacturing equipment before the end of fifteen 
years after the date of the sale of the equipment by the defendant”) 
(emphasis added). Here, uncontroverted evidence showed that the last time any of 
the Product Defendants had contact with the mixer/blender was in June of 1978, 
when Chemtron Food Equipment Company sold it to a third party. Since appellant 
did not bring this suit until 1999, over twenty years after the date the 
mixer/blender was sold by the Product Defendants, the statute of repose bars his 
claim.
        However, 
appellant argues that because the evidence showed a non-defendant, third party 
sold H&M the mixer in 1986, 1990, or 1991, there is a dispute of fact as to 
whether the “mixer/blender was more than 15 years old from its sale.” 
However, the dates appellant’s employer purchased the mixer/blender and the 
dates a non-defendant, third party sold the equipment are irrelevant to this 
issue. See id. (stating the only relevant date is “the date of sale of 
the equipment by the defendant”). Therefore, there is no genuine issue of 
material fact as to the date of sale by the Product Defendants. We overrule 
appellant’s second issue.
IV. CONSTITUTIONALITY 
OF SECTION 
16.012
        In 
his last five issues, appellant contends section 16.012 violates the equal 
protection and open courts guarantees provided by the United States and Texas 
Constitutions.[4]  Appellant also claims that the 
statute constitutes an improper special law in violation of article III, section 
56 of the Texas Constitution and that once the special law provision of the 
statute is struck, the remainder cannot stand on its own. These arguments are 
without merit.
        “A 
statute is presumed to be constitutional and should not be struck down by an 
intermediate appellate court except on clear and certain grounds.” Barnes 
v. J.W. Bateson Co., 755 S.W.2d 518, 521 (Tex. App.–Fort Worth 1988, no 
writ). Further, we must presume “that the Legislature has not acted 
unreasonably or arbitrarily; and a mere difference of opinion, where reasonable 
minds could differ, is not a sufficient basis for striking down legislation as 
arbitrary and unreasonable.” Id.
A. Equal Protection
        Both 
state and federal equal protection guarantees provide that where a statute does 
not impinge on a fundamental right or distinguish between persons on a suspect 
basis such as race or national origin, it is valid as long as it is rationally 
related to a legitimate state purpose. Ford Motor Co. v. Sheldon, 22 
S.W.3d 444, 451 (Tex. 2000). Here, appellant’s common law claims are not 
considered fundamental rights, and appellant cites no authority for the 
proposition that the statute distinguishes between persons on a suspect basis. See 
McCulloch v. Fox & Jacobs, Inc., 696 S.W.2d 918, 924 (Tex. App.—Dallas 
1985, writ ref’d n.r.e.). The statute is reasonably related to the legitimate 
state purpose of protecting manufacturers and sellers from stale claims based on 
manufacturing equipment, typically used in a factory or plant on a continuous or 
nearly continuous basis, so that any defects in the equipment would be apparent 
before the repose period expired. See Eaton v. Jarvis Prods. Corp., 965 
F.2d 922, 930 (10th Cir. 1992) (holding a similar seven-year statute 
of repose was rationally related); see also Trinity River Auth. v. URS 
Consultants, Inc., 889 S.W.2d 259, 265 (Tex. 1994) (holding a ten-year 
statute of repose for negligence actions against architects and engineers was 
rationally related). Additionally, effective September 1, 2003, the statute was 
changed and now applies to all products. See Tex. Civ. Prac. & Rem. Code Ann. § 
16.012(b) (Vernon Supp. 2004) (stating “a claimant must commence a products 
liability action against a manufacturer or seller of a product before the end of 
15 years after the date of the sale of the product by the defendant”). We 
overrule appellant’s fourth issue.
B. Open Courts
        Texas 
courts have repeatedly held that statutes of repose do not violate the open 
courts provisions of the Texas Constitution. See e.g., Barnes, 755 S.W.2d 
at 521-22; McCulloch, 696 S.W.2d at 921; Sowders v. M.W. Kellogg Co., 
663 S.W.2d 644, 648 (Tex. App.—Houston [1st Dist.] 1983, writ 
ref’d n.r.e). Morover, for a common law action to be within the protection of 
the Texas or United States Constitutions, it must be a vested right or something 
more than a mere expectancy based upon an anticipated continuance of existing 
law. See Barnes, 755 S.W.2d at 521; Sowders, 663 S.W.2d at 648. 
Here, the statute of repose prohibited any claims against the Product Defendants 
arising out of this mixer/blender in 1993, well before appellant was even 
injured. Because appellant never had a vested right in his claims against the 
Product Defendants, that statute of repose could not violate the open courts 
guarantee. We overrule appellant’s seventh issue.
C. Improper Special Law
        The 
constitutional prohibition against special laws was intended to suppress the 
enactment of “laws for the advancement of personal rather than public 
interests” and “the reprehensible practice of trading and 
‘logrolling.’” Sheldon, 22 S.W.3d at 450 (quoting Miller v. El 
Paso County, 150 S.W.2d 1000, 1001 (Tex. 1941)). In the end, the test of 
whether a law is general or special is: (1) whether there is a reasonable basis 
for the classification made by the law; and (2) whether the law operates equally 
on all within the class. Id. at 451. As was made clear above, the 
statute’s focus on “manufacturing equipment” is reasonably based and 
operates equally within the class. See Eaton, 965 F.2d at 930; Trinity 
River Auth., 889 S.W.2d at 265. Moreover, since no provision need be removed 
from this statute, the statute does not fail as a whole. We overrule 
appellant’s fifth, sixth, and eighth issues.
V. CONCLUSION
        Having 
overruled all of appellant’s issues on appeal, we affirm the trial court’s 
judgment.
 
                                                          SAM 
J. DAY
                                                          JUSTICE
 
PANEL A:   CAYCE, 
C.J.; DAY and GARDNER, JJ.
DELIVERED: November 6, 2003

NOTES
1. One of the 
Product Defendants, Apache Stainless Equipment Corp., alternatively argued that 
it was entitled to summary judgment for the additional reason that it had no 
involvement with the mixer/blender and in September 1993, purchased only the 
assets of Mepaco, Inc., an entity previously affiliated with the product.
 
2. With regard 
to Apache’s alternative argument, appellant argued that Apache’s Asset 
Purchase Agreement’s exclusion of “product liability claims” did not 
include appellant’s claim for negligence.
 
3. Appellant 
also argues that a factual dispute existed as to whether Apache’s Asset 
Purchase Agreement excluded appellant’s liability claims based on negligence. 
However, because we find that summary judgment was proper under section 16.012, 
Apache’s alternative argument has no practical impact on the Product 
Defendants’ summary judgment at issue here. See Act of Feb. 24, 1993, 
73d Leg., R.S., ch. 5, § 2, sec. 16.012(b), 1993 Tex. Gen. Laws 14 (amended 
2003); see also Star-Telegram, Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 
1995) (holding that when trial court’s order granting summary judgment does 
not specify grounds relied on for its ruling, summary judgment will be affirmed 
on appeal if any of the theories advanced are meritorious). We overrule 
appellant’s third point.
 
4. See U.S. Const. amend. 14; Tex. Const. art. I, §§ 13, 17, 19.