**Madison FIENGO and Martha Padilla, Appellants**

v.

**GENERAL MOTORS CORPORATION, Appellee.**

**No. 05–06–00587–CV.**

Court of Appeals of Texas, Dallas.

May 30, 2007.

James L. Johnson, The Johnson Law Firm, Dallas, Appellant.

Anthony Alan Avey, Kathleen A. Post, Brendan K. McBride, Prichard, Hawkins,

FcFarland & Young, L.L.P., San Antonio, for Appellee.

## OPINION

Opinion by Justice FRANCIS.

In this products liability case, Madison Fiengo and Martha Padilla appeal the trial court's summary judgment in favor of General Motors Corporation. In three issues, appellants generally assert the trial court erred in granting GM's motion for summary judgment because (1) GM is equitably estopped from asserting the statute of repose, (2) the statute of repose violates the "open courts" doctrine, and (3) GM's motion did not attack all claims. In a fourth issue, appellants argue the trial court erred in impliedly denying its motion for summary judgment. For the reasons set out below, we affirm the trial court's judgment.

In February 2004, Fiengo was driving a 1990 Pontiac Grand Prix when he was involved in an automobile accident. Appellants contended the automobile contained a design or manufacturing defect that was a producing cause of the accident and caused their damages. In August 2004, appellants' counsel contacted GM's legal department to determine "whether a settlement could be negotiated without the necessity of filing a lawsuit." GM began an investigation and, over the course of several communications, sought various information from appellants. During the course of the investigation, appellants assert that GM asked that they not file a lawsuit "as doing so would bring settlement negotiations to a complete halt."

In March 2005, the fifteen-year statute of repose for product liability claims expired without appellants filing a lawsuit. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.012(b) (Vernon Supp.2006) (generally requiring claimants to bring products liability action against manufacturer or seller before the end of fifteen years after date of sale of product). In late April, GM notified appellants that it had completed its investigation into the accident and was denying the claim. Appellants filed suit two months later, alleging the vehicle contained a design and manufacturing defect.

GM filed an answer generally denying the allegations and also asserting that the claims were time barred by the statute of repose. Later, it filed a traditional motion for summary judgment asserting the same ground. In their response to the motion, appellants countered with the doctrines of equitable estoppel and open courts. Appellants also filed their own motion for summary judgment raising these same issues. The trial court granted GM's motion for summary judgment. This appeal ensued.

In their first issue, appellants argue the trial court erred in granting GM's motion for summary judgment because equitable estoppel prevents GM from raising its statute of repose affirmative defense. GM responds that the statute of repose "unequivocally bars" appellants' products liability suit against GM and that ordinary equitable principles that might apply to a statute of limitations do not apply to a statute of repose, as a matter of law.

We have found no published Texas case addressing the precise issue of whether an equitable principle, such as estoppel, can be asserted to prevent a defendant from raising a statute of repose as an affirmative defense. We need not decide that issue today because, even if we assume it can, appellants have failed to produce sufficient evidence on each element of equitable estoppel so as to raise a fact issue.

When a defendant moves for summary judgment on an affirmative defense and establishes that defense as a matter of law, the plaintiff/nonmovant must raise a fact issue on any matter injected by the plaintiff in confession and avoidance of the affirmative defense. *Prodigy Commn's Corp. v. Agric. Excess & Surplus Ins. Co.*, 195 S.W.3d 764, 768 (Tex.App.-Dallas 2006, pet. filed). There is no dispute between the parties that the automobile was originally sold more than fifteen years before appellants filed suit. Thus, to avoid summary judgment, appellants had to produce sufficient summary judgment evidence to raise a question of fact as to each element of equitable estoppel. *See Brandes v. Rice Trust, Inc.*, 966 S.W.2d 144, 146 (Tex.App.-Houston [14th Dist.] 1998, pet. denied). After reviewing the record, we conclude they have failed to meet their burden.

Equitable estoppel is based on the principle that "one who by his conduct has induced another to act in a particular manner should not be permitted to adopt an inconsistent position and thereby cause loss or injury to another." *City of Fredericksburg v. Bopp*, 126 S.W.3d 218, 221 (Tex.App.-San Antonio 2003, no pet.). It is established when (1) a false representation or concealment of material facts, (2) is made with knowledge, actual or constructive, of those facts, (3) with the intention that it should be acted upon, (4) to a party without knowledge or means of obtaining knowledge of the facts, (5) who detrimentally relies on the representations. *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 515–16 (Tex. 1998); *Sefzik v. City of McKinney*, 198 S.W.3d 884, 895 (Tex.App.-Dallas 2006, no pet.).

Appellants first argue they presented evidence that "GM made false representations that it would negotiate a settlement if Fiengo did not file a lawsuit and that Fiengo should delay filing suit while GM prepared to negotiate, while concealing the fact that it would not negotiate or even make any settlement offer." In particular, they rely on counsel's affidavit, in which counsel asserted that a GM representative, Michael Schulte, "asked that I not file a lawsuit, as doing so would bring settlement negotiations to a complete halt." Additionally, counsel points to another GM representative twice asking him to postpone filing a lawsuit "while GM continued an engineering analysis so that it could negotiate a settlement."

Initially, we note there is no evidence in the record that settlement negotiations had begun in this case; rather, the evidence demonstrated that GM was in the process of investigating appellants' claim of a product defect. There is nothing in the record to show that GM's statements regarding future settlement negotiations were false. Specifically, there is no evidence that settlement negotiations would not come to a complete halt if appellants filed a lawsuit. Similarly, that GM asked appellants to "be patient" and to wait for the engineering analysis so that it could negotiate a settlement is not a representation that GM *would* negotiate a settlement irrespective of what its investigation showed. *See Duncan v. Lisenby*, 912 S.W.2d 857, 859 (Tex.App.-Houston [14th Dist.] 1995, no writ) (plaintiff's attorney's statement that he believed case was settled, based on representations of defendants, did not raise fact issue on false representation and thus would not estop defendants from relying on statute of limitations defense).

Moreover, estoppel requires a reasonable or justified reliance on the conduct or statements of the person sought to be estopped by the person seeking the benefit of the doctrine. *Simpson v. MBank Dallas, N.A.*, 724 S.W.2d 102, 108

(Tex.App.-Dallas 1987, writ ref'd n.r.e.). A plaintiff may not "blindly rely upon a situation as being what it seemed rather than as being what it in reality was." *Dean v. Frank W. Neal & Assocs., Inc.*, 166 S.W.3d 352, 358 (Tex.App.-Fort Worth 2005, no pet.). He must be diligent to file the cause of action he knows he has; he may not continue to rely upon the defendant's original inducement beyond a point when it becomes unreasonable to do so. *Id.* For appellants to raise a fact issue on estoppel, they must have presented some evidence that appellees' statements affirmatively induced them into delaying filing suit beyond the statute of repose, unmixed with any want of diligence on their part. *See id.*

The summary judgment evidence showed that GM began investigating appellants' claim of a defect in the car in August 2004, six months before the statute of repose expired. In November, GM's representative Schulte told appellants' counsel that all materials had been sent to engineering for analysis and that it "often took several months to complete an analysis." Despite this information, appellants waited to take any action on their potential cause of action until after the statute of repose expired, asserting they were induced to do so by representations of settlement. Unlike other cases in which courts have found a fact issue, appellants direct us to no evidence, nor did we find any, that GM promised to pay the claim, made any admission of liability, or represented there was no "time bar." *See Frank v. Bradshaw*, 920 S.W.2d 699 (Tex.App.-Houston [1st Dist.] 1996, no writ) (insurance adjustor's promise to pay and representation that there was "no time problem" with insured's claim sufficient to raise fact issue on equitable estoppel and avoid summary judgment on limitations); *Forrest v. Vital Earth Res.*, 120 S.W.3d 480, 487 (Tex.App.-Texarkana 2003, pet. denied) (concluding fact issue raised on equitable estoppel where company represented that employees had three years to bring legal action but then asserted two-year statute of limitations to bar claims). As the time was running down on the statute of repose, it reached a point (before the fifteen years ran) where it was unreasonable for appellants to delay filing their lawsuit based on any representations regarding potential settlement negotiations. *See Lockard v. Deitch*, 855 S.W.2d 104, 106 (Tex.App.-Corpus Christi 1993, no writ) (holding no fact issue existed on estoppel where claims examiner represented company would "try to work towards a settlement" and there was no evidence of fraudulent inducement or bad faith).

In sum, appellants' evidence shows that GM asked them to postpone filing a lawsuit so it could complete its investigation and told them if they filed the lawsuit, any settlement negotiations would end. To the extent appellants subjectively believed these statements to mean GM would pay the claim (irrespective of the outcome of its investigation) if they did not file suit, the evidence does not objectively support such an interpretation. Further, appellants' reliance on the complained-of statements to postpone filing suit was not reasonable as a matter of law. Because appellants have failed to raise a fact issue on equitable estoppel, the trial court did not err in granting GM's motion for summary judgment.

Having reached this conclusion, we necessarily reject appellants' fourth issue in which they argue the trial court erred in impliedly denying their motion for summary judgment on the basis of equitable estoppel. Given that appellants failed to raise a fact issue on the elements of equitable estoppel, they necessarily have not conclusively established such elements. We overrule the first and fourth issues.

In their second issue, appellants contend that applying the statute of repose in this case violates the open courts provision of the Texas Constitution, which provides that "[a]ll courts shall be open, and every person for an injury done to him, in his lands, goods, person or reputation, shall have remedy by due course of law." TEX. CONST. art. I, § 13. They argue that the purpose of a statute of repose is to protect defendants from "stale claims." Here, they assert, GM already had "all the relevant evidence within the repose period" so it needs no protection "from lost records, unavailable witnesses or faded memories." Thus, appellants complain section 16.012 is unconstitutional as applied to their circumstances. We disagree.

Texas courts have repeatedly held that statutes of repose do not violate the open courts provisions of the Texas Constitution. *Zaragosa v. Chemetron Invs., Inc.*, 122 S.W.3d 341, 346 (Tex.App.-Fort Worth 2003, no pet.) (concluding section 16.012 did not violate open courts provisions of state constitution) (citing *Barnes v. J.W. Bateson Co.*, 755 S.W.2d 518, 521 (Tex. App.-Fort Worth 1988, no writ); *McCulloch v. Fox & Jacobs, Inc.*, 696 S.W.2d 918, 924 (Tex.App.-Dallas 1985, writ ref'd n.r.e.); *Sowders v. M.W. Kellogg Co.*, 663 S.W.2d 644, 648 (Tex.App.-Houston [1st Dist.] 1983, writ ref'd n.r.e.)). Moreover, appellants were aware of their lawsuit before the fifteen years elapsed but failed to timely exercise their rights. *See Neagle v. Nelson*, 685 S.W.2d 11, 12 (Tex.1985) (explaining open courts provision protects citizen from legislative acts that abridge right to sue before citizen has reasonable opportunity to discover wrong and bring suit); *Owens Corning v. Carter*, 997 S.W.2d 560, 575 (Tex.1999) (explaining that when evaluating whether statute violates open courts provision, courts consider both general purpose of statute and extent to which litigant's right affected). We conclude the statute of repose, as applied to appellants, did not violate the open courts provision. We overrule the second issue.

In their third issue, appellants argue the trial court erred in granting final summary judgment when GM's motion attacked only negligent design and manufacturing defects but did not attack their "separate strict liability claims regarding design and manufacturing defects." In its motion for summary judgment, GM asked for judgment as a matter of law "as Plaintiffs' claims are barred in their entirety by the Texas statute of repose." This language was sufficient to entail the entirety of appellants' claims. We overrule the third issue.

We affirm the trial court's judgment.