# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20667

United States Court of Appeals
Fifth Circuit

**FILED**

June 7, 2017

Lyle W. Cayce
Clerk

TIMOTHY J. HAGAN,

      Plaintiff - Appellant

v.

MAZDA MOTOR COMPANY OF AMERICA, INCORPORATED, doing business as Mazda North America Operations,

      Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-3222

Before REAVLEY, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

    Timothy J. Hagan sued Mazda Motor Company of America, d/b/a Mazda North America Operations (MNAO) for injuries he sustained when the airbags in his Mazda vehicle spontaneously deployed. MNAO moved for summary judgment on the basis that Hagan's claims were time-barred by the Texas

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20667

statute of repose. The district court granted summary judgment and dismissed the claims. We affirm.

"We review a district court's grant of summary judgment *de novo,* applying the same standard as the district court." *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002).

Under Texas law, a defendant moving for summary judgment on an affirmative defense must irrefutably establish its elements. *KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). The Texas statute of repose provides that a claimant must bring a products liability action for personal injury "against a manufacturer or seller of a product before the end of 15 years after the date of the sale of the product by the defendant." Tex. Civ. Prac. & Rem. Code Ann. § 16.012.

MNAO conclusively proved the elements of its statute of repose defense. First, it is undisputed that this is a products liability action for personal injury and that MNAO is a manufacturer or seller. Next, MNAO produced sufficient proof that the vehicle at issue was first sold at retail on December 11, 1999. Hagan disputes this proof, yet does not present controverting evidence. Then, after establishing when the vehicle at issue was first sold, MNAO determined that the deadline to file any products liability action was December 11, 2014. Finally, MNAO established that while Hagan's incident occurred on November 21, 2014 (prior to the expiration of the statute of repose), he filed the lawsuit on November 2, 2015 – almost one year too late. So, MNAO met its burden, and then the burden shifted to Hagan to raise a fact issue. *See Fiengo v. Gen. Motors Corp.*, 225 S.W.3d 858, 861 (Tex. App.—Dallas 2007, no pet.).

On appeal Hagan contends that Mazda is to blame for the late filing, but he fails to prove the existence of a genuine issue of material fact. He attempts to save his claim by making an equitable estoppel argument. However, the

2

No. 16-20667

Supreme Court has opined that statutes of repose, generally, may not be tolled, "even in cases of extraordinary circumstances beyond a plaintiff's control." *CTS Corp. v. Waldburger*, 134 S. Ct. 2175, 2183 (2014). [1]

Additionally, Hagan argues, for the first time on appeal that, pursuant to a California insurance regulation, MNAO had a duty to notify him of the statute of repose deadline. However, Hagan does not effectively show why a California regulation should govern this matter when both the initial sale of the vehicle and the incident occurred in Texas, and the cause of action was brought in a Texas court. *See Burdett v. Remington Arms Co.*, 854 F.3d 733, 735 (5th Cir. 2017) ("A federal court sitting in diversity jurisdiction must apply the choice of law rules of the forum state when a conflict of law exists."). Nonetheless, based on Fifth Circuit precedent this argument is waived. *See LeMaire v. Louisiana Dept. of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007) ("arguments not raised before the district court are waived and cannot be raised for the first time on appeal").

AFFIRMED.

---

[1] Assuming arguendo that, immediately upon the sending of the December 1, 2014 letter Mazda had a duty to warn of the December 11, 2014 deadline, that gives Hagan, at most, 10 days of tolling. Since he filed suit more than 10 days after he was clearly told in September of 2015 that his claim was barred, any equitable tolling does not help him.