**Affirm and Opinion Filed January 6, 2023**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-22-00477-CV

## IN RE PETITION OF OAK CREEK INVESTMENTS, LLC
## AND RICHARD F. BALDWIN, PH.D.

### On Appeal from the 162nd Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DC-21-04011

## MEMORANDUM OPINION
Before Justices Nowell, Smith, and Rosenberg[1]
Opinion by Justice Rosenberg

The trial court denied appellants' motion to dismiss under the Texas Citizens

Participation Act, finding that it was not timely filed. TEX. CIV. PRAC. & REM. CODE

§§ 27.001–27.011 (TCPA). In two issues, appellants contend the trial court erred

because the motion to dismiss was filed less than 60 days after appellees served them

with notice of a hearing and there was good cause for the delay. Concluding that the

---

[1] The Hon. Barbara Rosenberg, Justice, Assigned. This case was submitted with oral argument. At the time of submission, Justice Leslie Osborne was a member of the panel. Justice Rosenberg succeeded Justice Osborne as a member of the panel after Justice Osborne's resignation from the Court. *See* TEX. R. APP. P. 41.1.

motion to dismiss was untimely and the trial court did not err by denying it, we affirm.

## BACKGROUND

On March 25, 2021, appellees Oak Creek Investments, LLC and Richard F. Baldwin, Ph.D. filed a petition under rule 202, Texas Rules of Civil Procedure, seeking discovery from appellants Atlas FRM LLC, Chris Bennett, Andrew M. Bursky, Tanya Dinning, Kurt Liebich, New Wood Resources LLC, Winston Plywood & Veneer LLC, and WPV Holdco LLC. Appellees alleged that they sought "to investigate potential legal claims sounding in Texas state and federal securities laws" relating to "the development of and investment in a plywood mill in Louisville, [Mississippi]." All of the appellants had been served with the Rule 202 petition by April 14, 2021, but no hearing had been set.

On May 3, 2021, appellants filed a "Notice of Intent to Specially Appear." In the notice, appellants stated their intent to "timely file[ ]" a special appearance, a motion to stay the proceeding in deference to a suit already pending in Delaware Chancery Court, a motion to dismiss under the TCPA, and a motion for sanctions. Appellants made no further filings, however, until December 7, 2021. On that date, they filed their TCPA motion, several special appearances, and objections to the Rule 202 petition.

After a hearing, the trial court denied appellants' TCPA motion to dismiss, finding that it "was not filed by the [appellants] within 60 days of service and was therefore not timely filed." This appeal followed.

In two issues, appellants contend the trial court erred by denying their TCPA motion as untimely because (1) they filed the motion less than sixty days after they were served with both the Rule 202 petition and a notice of hearing, and (2) in any event, there was good cause for extending the time to file the motion because appellees caused the delay.

### APPLICABLE LAW AND STANDARD OF REVIEW

*Rule 202.* Under Texas Rule of Civil Procedure 202.1(b), a person may petition the court for an order authorizing the taking of a deposition on oral examination or written questions "to investigate a potential claim or suit." TEX. R. CIV. P. 202.1(b). Pre-suit discovery pursuant to rule 202 "is not an end in itself," but rather "is in aid of a suit which is anticipated" and "ancillary to the anticipated suit." *In re Wolfe,* 341 S.W.3d 932, 933 (Tex. 2011) (per curiam) (internal quotation omitted). A rule 202 petition must "state the subject matter of the anticipated action, if any, and the petitioner's interest therein." TEX. R. CIV. P. 202.2(e); *City of Dallas v. Dallas Black Fire Fighters Ass'n*, 353 S.W.3d 547, 553 (Tex. App.—Dallas 2011, no pet.).

*TCPA.* The TCPA's purpose is "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate

in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TCPA § 27.002. To effectuate this purpose, the Legislature has provided a procedure to expedite dismissing claims brought to intimidate or to silence a defendant's exercise of the rights protected by the statute. *Interest of C.T.H.*, 617 S.W.3d 57, 60 (Tex. App.—Dallas 2020, no pet.).

There are statutory deadlines for this expedited procedure, and the timeliness of appellants' TCPA motion is at issue here. TCPA § 27.003(b); *Interest of C.T.H.*, 617 S.W.3d at 60–61. A motion to dismiss a legal action under the TCPA "must be filed not later than the 60th day after the date of service of the legal action." TCPA § 27.003(b). "The parties, upon mutual agreement, may extend the time to file a motion under this section or the court may extend the time to file a motion under this section on a showing of good cause." *Id.* "Although the statute does not define 'good cause,' at least one court has noted that good cause may be established by showing that 'the failure involved was an accident or mistake, not intentional or the result of conscious indifference.'" *Saks & Co., LLC v. Li*, 653 S.W.3d 306, 311 (Tex. App.—Houston [14th Dist.] 2022, no pet.) (quoting *Sullo v. Kubosh*, 616 S.W.3d 869, 900 n.7 (Tex. App.—Houston [1st Dist.] 2020, no pet.), in turn quoting *Wheeler v. Green*, 157 S.W.3d 439, 442 (Tex. 2005) (per curiam)).

A movant's failure to meet the TCPA's requirements "within certain clearly defined periods . . . results in the defendant's forfeiting the statute's protections."

–4–

*Interest of C.T.H.*, 617 S.W.3d at 63 (internal quotation omitted). "[A] trial court does not err by denying an untimely TCPA motion to dismiss." *Id.*

We review a trial court's ruling on a TCPA motion to dismiss de novo. *Campbell v. Clark*, 471 S.W.3d 615, 623 (Tex. App.—Dallas 2015, no pet.). We also review de novo questions of statutory construction. *Barnes v. Kinser*, 600 S.W.3d 506, 509 (Tex. App.—Dallas 2020, pet. denied).

### DISCUSSION

**1. Timeliness of motion**

It is undisputed that appellants' TCPA motion was filed more than sixty days after service of appellees' Rule 202 petition. *See* TCPA § 27.003(b) (motion to dismiss must be filed not later than the 60th day after service of the legal action). But appellants contend that without a notice of hearing, appellees' service was incomplete and section 27.003(b)'s sixty-day deadline did not begin to run. The notice of hearing was not served until December 1, 2021, and appellants filed their TCPA motion on December 7, 2021.

Appellants argue that "[a] plain reading of Rule 202 indicates that 'service of the legal action' is not effectuated until the petitioner has served **both** the Rule 202 petition and the required notice of hearing." They rely on Rule 202.3(a)'s requirement that "[a]t least 15 days before the date of the hearing on the petition, the petitioner must serve the petition and a notice of the hearing—in accordance with Rule 21a—on all persons petitioner seeks to depose . . . ." TEX. R. CIV. P. 202.3(a)

(personal service on witnesses and persons named). They argue that "service of the legal action" under TCPA § 27.003(b) was completed on December 1, 2021, setting January 30, 2022 as the deadline for filing their motion to dismiss. Accordingly, they conclude that their December 7, 2021 filing was timely.

We disagree. The TCPA requires motions to dismiss to be filed no later than sixty days after service of the legal action. TCPA § 27.003(b). A hearing on the motion to dismiss "must be set not later than the 60th day after the date of service of the motion . . . but in no event shall the hearing occur more than 90 days after service of the motion," or more than 120 days after service if the court permits discovery under § 27.006(b). TCPA § 27.004(a), (c). Appellants did not meet these statutory deadlines.

Further, as the trial court recognized at the hearing, the text of Rule 202 does not support appellants' construction. Rule 202.3 requires that service be made "[a]t least 15 days before the date of the hearing," but discusses service of the petition and notice of the hearing separately. *See* TEX. R. CIV. P. 202.3 ("Notice and Service"). Completion of personal service is not conditioned on the inclusion of a hearing date in the notice. *See id.* As a practical matter, the Rule 202 petitioner cannot predict when service will be accomplished, especially in cases such as this one where there are multiple persons to be served who reside in different locations across the country. Appellants' reading of the rule could require setting and resetting of the hearing or service and re-service of the petition if delays occurred. *See id.*

Rule 202 ensures that the persons to be deposed have at least 15 days' notice of the hearing, served "in accordance with Rule 21a." *See id.* But the rule does not condition effective service on the inclusion of a hearing date in the petition. *See id.* We conclude that appellants' TCPA motion, filed more than 60 days after service of appellees' Rule 202 petition, was untimely. TCPA § 27.003(b). We decide appellants' first issue against them.

**2. Good cause**

In the alternative, appellants contend in their second issue that even if their TCPA motion was untimely, "the trial court erred by refusing to consider it for good cause shown." They argue that a trial court has discretion to consider untimely motions, and "[t]here is nothing in the TCPA that prohibits trial courts from considering a late-filed motion." They contend the timing of their motion "was based on a reasonable interpretation of the TCPA and Rule 202," and in any event "was based on Appellees' delay in setting their Rule 202 petition for hearing."

Again, we disagree. Appellants could have filed their special appearance or objected to service instead of filing their "Notice of Intent to Specially Appear" in early May, 2021. Their TCPA motion could have been timely filed subject to the special appearance. *See* TEX. R. CIV. P. 120a(1) (special appearance must be made prior to any other motion, but other motions may be contained in the special appearance or filed subsequently without waiver of the special appearance); *Wakefield v. British Med. J. Pub. Grp., Ltd.*, 449 S.W.3d 172, 179–83 (Tex. App.—

Austin 2014, no pet.) (defendant did not waive special appearance by subsequent filing of TCPA motion).

Instead, as appellees argued in their response to appellants' TCPA motion, appellants chose to seek an injunction against the Rule 202 proceeding in Delaware. Appellants filed a motion for anti-suit injunction and for contempt of a stay order in the Delaware Court of Chancery on April 22, 2021, arguing that appellees' Rule 202 proceeding in Texas was an attempt to investigate the same fraud claims that had already been dismissed in a pending Delaware lawsuit.[2] Appellees responded that the claims they sought to investigate in Texas were different. They argued that the Texas proceeding was to investigate Texas and federal securities law claims on a potential class basis, matters that were not and had never been pending in the Delaware action. The Vice Chancellor in the Delaware action denied appellants' motions by order of August 5, 2021.

Consequently, the record reflects that appellants made an intentional decision to seek to enjoin this proceeding and sanction appellees in Delaware rather than file their special appearances and TCPA motion here. We conclude that appellants did not show "good cause" as required under TCPA § 27.003(b) for the late filing of their motion to dismiss. *See Saks & Co., LLC*, 653 S.W.3d at 311–12 (good cause

---

[2] Some, but not all, of the parties to this appeal are also parties to Civil Action No. 2018-0350-JRS in the Court of Chancery of the State of Delaware, captioned *Winston Plywood & Veneer LLC et al. v. Oak Creek Investments, LLC and Richard F. Baldwin*, in which appellants filed their motions for anti-suit injunction and for contempt.

for late filing shown where TCPA movant mistakenly relied on date of service in parties' Rule 11 agreement).

Appellants also argue that the trial court should have considered the TCPA motion under the doctrine of estoppel, citing *Fiengo v. General Motors Corp.*, 225 S.W.3d 858, 861 (Tex. App.—Dallas 2007, no pet.), for the proposition that "one who by his own conduct has induced another to act in a particular manner should not be permitted to adopt an inconsistent position and thereby cause loss or injury to another." They contend that any delay was caused by appellees, who did not set the Rule 202 petition for hearing until 251 days after filing it.

Appellees explain that they did not set their Rule 202 proceeding for hearing until after the Delaware Vice Chancellor's ruling, "in deference to" that court. As we have explained, appellants chose to seek relief in Delaware instead of filing their special appearances and TCPA motion to dismiss. Appellees also explain that a further delay was caused by the trial court's dismissal and reinstatement of the case and by appellants' actions in seeking the depositions of Baldwin and his son in the Delaware case in August 2021.

As we explained in *Fiengo*, equitable estoppel "is established when (1) a false representation or concealment of material facts, (2) is made with knowledge, actual or constructive, of those facts, (3) with the intention that it should be acted upon, (4) to a party without knowledge or means of obtaining knowledge of the facts, (5) who detrimentally relies on the representations." *Fiengo*, 225 S.W.3d at 861.

Appellants do not cite to anything in the record to support these factors. Consequently, the trial court did not err by concluding that the doctrine of equitable estoppel did not apply. We decide appellants' second issue against them.

**CONCLUSION**

The trial court's "Order Denying TCPA Motion to Dismiss" is affirmed.

220477f.p05

/Barbara E. Rosenberg/
BARBARA ROSENBERG
JUSTICE, ASSIGNED



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN RE PETITION OF OAK CREEK INVESTMENTS, LLC AND RICHARD F. BALDWIN, PH.D.

No. 05-22-00477-CV

On Appeal from the 162nd Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-21-04011. Opinion delivered by Justice Rosenberg. Justices Smith and Nowell participating.

In accordance with this Court's opinion of this date, the trial court's "Order Denying TCPA Motion to Dismiss" is **AFFIRMED**.

It is **ORDERED** that appellees Oak Creek Investments, LLC and Richard F. Baldwin, Ph.D recover their costs of this appeal from appellants Atlas FRM, LLC, Chris Bennett, Andrew M. Bursky, Tanya Dinning, Kurt Liebich, New Wood Resources LLC, Winston Plywood & Veneer LLC, and WPV Holdco LLC.

Judgment entered this 6th day of January, 2023.